# CHARLESTON

## BLAKE *v.* CAMDEN INTERSTATE RAILWAY COMPANY.

### Submitted February 21, 1905.    Decided March 7, 1905.

STREET RAILWAYS—*Actions Against — Improper Instruction—Contributory Negligence.*

   In an action for injuries sustained by a passenger while attempting to alight from a street car, it is error to give to the jury an instruction, in which, after telling them, that under the law the defendant is held liable for the slightest negligence, they are instructed that the defendant must "*repel by satisfactory proof every imputation of such negligence,*" when the facts are not such as to create a presumption of negligence against the defendant, and cast the burden upon it to disprove negligence; and also, when the contributory negligence of the plaintiff is involved. (p. 302.)

Error to Circuit Court, Cabell County.

Action by L. E. Blake against the Camden Interstate Railway Company. Judgment for plaintiff, and defendant brings error.

*Reversed.*

VINSON & THOMPSON, for plaintiff in error.

L. D. ISBELL, for defendant in error.

SANDERS, JUDGE:

The plaintiff, L. E. Blake, brought his action of trespass on the case in the circuit court of Cabell county against the defendant, Camden Inter-State Railway Company, to recover damages for a personal injury alleged to have been sustained by him while attempting to alight from one of the defendant's street cars, upon which he was a passenger. A verdict for $500.00 was returned in favor of the plaintiff, upon which judgment was rendered, and which judgment we are now asked to review.

The plaintiff claims that on the 19th day of May, 1903, he took passage on one of the street cars of the defendant company, running from Ashland, Kentucky, to Huntington, West Virginia, and when he arrived at Sixth street, in Huntington, that he notified the conductor that he desired the car stopped at Seventh street, so he could get off; and that at Seventh street the conductor did stop the car and that he attempted to alight; and that, while in the act of so

doing, having one foot upon the step, and with the other stepping to the ground, that the car gave a sudden lurch and threw him upon the ground, and, as a result of the fall, he received serious injuries.

The defendant claims that the plaintiff was guilty of contributory negligence in attempting to alight from said car; that at the time he made the attempt to alight, the car had not stopped, and did not stop at the Seventh street crossing, but ran beyond that; and at that crossing, and while the car was running from six to eight miles an hour, the plaintiff attempted to alight, and was thrown and injured.

These are the claims of the respective parties.   After the evidence had been introduced before the jury, the plaintiff asked the court to give to the jury the following instruction, which the court gave, over the defendant's objection, and to which the defendant excepted:

"The court instructs the jury that the law in tenderness to human life and limbs holds railroads and street railway companies liable for the slightest negligence and compels them to repel by satisfactory proof every imputation of such negligence, and if the jury believe that the defendant company did not use the greatest care and diligence in transporting the plaintiff to his point of destination, but was negligent in the management of its car upon which the plaintiff was riding as a passenger, and that by reason of such negligence, he was injured as alleged in his declaration, then the jury shall find for the plaintiff and assess his damages at such sum as the evidence may show that he has actually sustained."

It is presented by the defendant that this is a binding instruction, and that, under the rule laid down in the case of *McCreery* v. *Railroad Co.*, 43 W. Va. 110, it was error to give it.   If this is what is termed a binding instruction, then it was error to give it.   "Now, the law is well settled that instructions which tell the jury that if they believe a certain supposed and enumerated state of facts, then the defendant is liable, and they must find for the plaintiff, are fatally defective if there is wholly omitted from such enumeration a fact the evidence tends to prove, which, if true, would require a different verdict."   *Woodell* v. *Improvement Co.*, 38 W. Va. 23.   While it is true this present instruction does not, in terms, refer to the question of contributory negli-

gence, yet, can it be said to be what is termed a binding instruction, because it tells the jury, "*and that by reason of such negligence he was injured as alleged* in his declaration, then the jury shall find for the plaintiff." This says to the jury that if the defendant was guilty of negligence, and that, *by reason thereof*, the plaintiff was injured, then he is entitled to recover, thereby presenting the question to the jury that a verdict must be based upon the negligence of the defendant, which directly caused the injury. If the defendant was guilty as charged in the declaration, and the injury was sustained by reason of its negligence, then it could not have been sustained on account of the contributory negligence of the plaintiff; but then it may be argued that the proximate cause of the injury was the mutual negligence of the plaintiff and defendant, and in which case the plaintiff could not recover. However, it is very doubtful if this instruction, for this reason, is good, and should have been given; but we do not pass upon this point, inasmuch as it is fatally defective in another respect.

This instruction tells the jury that the defendant is "liable for the slightest negligence and compels them to repel by satisfactory proof every imputation of such negligence." What is meant by "*imputation* of such negligence?" The declaration charges that the defendant was negligent; "imputation" means a charge of negligence. If it can be said that a jury should find that the defendant is guilty of negligence because negligence is imputed to it, then the consequential result of that would be that the burden would be shifted upon the defendant to show that it was not guilty of negligence. That is plainly the effect of this instruction. By saying that the defendant must repel, by satisfactory proof, every imputation of negligence, could mean nothing else than to tell the jury that the burden is upon the defendant to prove that the injury was not the result of its negligent act. Counsel for the plaintiff cites the case of *Searles* v. *Railway Co.*, 32 W. Va. 370, in which an instruction, embodying this language, was held good. We find no fault with this instruction in that case, but it must be borne in mind that the *Searles Case* is very different from the case we have in hand. There an action was brought to recover for an injury sustained by a passenger by reason of the overturning of one of the cars of

the company, and the mere fact of the proof of the overturning of the car and the injury of the passenger, created a presumption of negligence upon the part of the defendant, and the burden then shifted to the defendant to remove that presumption of negligence. Not only is this doctrine laid down in the *Searles Case*, but we find many cases holding that, under certain circumstances, where a passenger receives an injury while riding upon a train of a common carrier, that all that is necessary to make a *prima facie* case, is to prove the accident and the injury as a direct result thereof, and the burden then shifts to the defendant. But this depends upon the particular circumstances of each case. It is not every case where a person is injured while riding upon a passenger train of a common carrier, by showing the accident and the injury as a direct result thereof, that raises such a presumption against the carrier. In the case of the *Baltimore & Ohio Ry. Co.* v. *Wightman's Admr.*, 29 Grat. 431, it was held: "When injury or damage happens to a passenger by the breaking down or overturning of a railroad train, or the breaking down of a bridge, or wheel, or axle, or by any other accident occurring on the road, the presumption, *prima facie*, is, that it occurred by the negligence of the railroad company, and the burden of proof is on the company to establish that there has been no negligence whatsoever, and that the damage has been occasioned by inevitable casualty, or by some cause which human care and foresight could not prevent." And, also, we find the same doctrine in the case of *Farish & Co.* v. *Reigle*, 11 Grat. 695; Wharton's Negligence, sections 627 to 641, inclusive, also section 422; Redfield's Carriers and Bailees, section 348; Shearman and Redfield on Negligence, section 516. But when we apply the facts in this case to the law laid down in the cases cited, we find that no presumption was raised against the defendant here, and that the burden of proof was upon the plaintiff to prove the negligent act of the defendant, which was the direct and proximate cause of the accident. Thompson on Negligence, 3 volume, section 2,758, we find the same doctrine as referred to above: "Where the passenger is injured by any accident arising from a collision or defect in machinery, he is required, in the first place, to prove no more than the fact of the accident and the extent of his injury. A *prima facie* case is thus made out, and the

*onus* is cast upon the carrier to disprove negligence. In the case trying, the legal presumption is that the injuries to the plaintiff are caused by the negligence of the defendant, and this presumption continues until a countervailing presumption of fact is established." And then, in the same volume of Thompson's Negligence, section 2,764, we find the authority which clearly shows that, under the facts and circumstances of this case, the presumption of negligence was not raised against the defendant, but that the burden of proof was upon the plaintiff to prove the defendant's negligence, and that it was the proximate cause of his injury. "Nor does the foregoing rule apply where the occasion of the hurt of the passenger was an active voluntary movement on his part, combined with some alleged deficiency in the carrier's means of transportation or accommodation; and the reason is that in such cases it is necessary to consider whether there may not have been contributory negligence on the part of a passenger. It is only in respect of those accidents which happen to the passenger while he passively trusts himself to the safety of the carrier's means of transportation, or to the skill, care and diligence of the servants, that the rule applies. To illustrate this, let us consider two cases side by side. A passenger is seated in a railway coach, and the train being in motion, the coach comes in contact with some unknown substance, injuring the passenger. The happening of such an accident is *prima facie* evidence of negligence on the part of the carrier. But where an accident happened to the passenger in consequence of his having *thrust his arm out of the window*, so that it came in contact with some substance which the train was passing, this would not be so. And the same rule was declared where the passenger fell in leaving the car, and passed under the wheels and was killed; and where the passenger, in consequence of a voluntary movement made by him, had his hand caught in a door and injured."

A street railway company, with respect to its passengers, is charged with the highest degree of care to avoid their injury, and to safely carry them to their destination; and many authorities hold, and it is the true doctrine, that an accident being proved in an action brought by a passenger against a carrier for injuries sustained by the passenger, the burden is thrown upon the defendant to show that it exercised the high-

est degree of care, and that the injury was not the direct result of its negligence, but an inevitable accident.    But this rule does not apply in all cases.    It depends upon the nature of the case the plaintiff makes out, and only applies when the injury occurred from agencies within the defendant's power, and not when the plaintiff necessarily in proving the accident from which the injury resulted, must prove the act of the company which is claimed to be negligent, and which involves the question of the contributory negligence of the plaintiff, for from the proof it must be deduced whether or not the act was negligent, and is not controlled by presumptions.    As, in this case, according to the plaintiff's claim, the car stopped at Seventh street, at his request, and while he was attempting to alight, the car gave a sudden lurch, and he was thrown therefrom and injured.    Therefore, it will be seen that in proving the accident that caused the injury, it necessarily results that there was negligence upon the part of the defendant, or that the plaintiff was guilty of contributory negligence. "An examination of these cases, we think, will show that there is in them no real invasion of the general rule as to the burden of proof.    It will be found, we believe, in all of them that the nature of the accident was such, or the attending circumstances such, that proof of the accident alone raised a presumption of negligence, and that the same evidence which proved the injury done, also proved the defendant's negligence, or developed circumstances from which it must be presumed."    Thompson on Negligence, 3 volume, section 2,763.

Therefore, an instruction which contains such language as would lead the jury to believe that the facts proved raised a presumption of negligence against the defendant, is not applicable to this case, and should not have been given, and it was error for the court to give it; and, inasmuch as the case must be reversed and remanded for a new trial, it is not proper to comment upon the testimony.

For the foregoing reasons the judgment of the circuit court is reversed, the verdict of the jury set aside, and a new trial awarded to the defendant.

*Reversed.*