MARY A. ISABELLA

*v.*

WEST VIRGINIA TRANSPORTATION COMPANY

(No. 10043)

Submitted September 22, 1948. Decided

November 30, 1948.

HAYMOND AND FOX, JUDGES, concurring.

*James C. McManaway* and *H. Laban White, Jr.,* for plaintiff in error.

*I. Raymond Murphy,* for defendant in error.

LOVINS, JUDGE:

This action of trespass on the case, instituted in the Circuit Court of Taylor County by Mary A. Isabella against West Virginia Transportation Company, a corporation, resulted in a verdict and judgment in favor of plaintiff in the sum of eighteen hundred dollars. The case is here on writ of error.

On November 6, 1946, plaintiff was a passenger on a motor bus operated by defendant, as a common carrier, intending to travel from her home at Flemington, West Virginia, to the City of Grafton. The bus was driven by a newly employed driver, but an expert and experienced driver was in charge of the bus and, at the time of the accident, supervised its operation from a seat immediately behind the driver.

En route, defendant's bus was driven on the berm of the road, which, being wet, gave way, and the bus was precipitated into a ditch along side the road, stopping with its left wheels in the air, and its right side resting on the ground. Plaintiff was thrown from her seat into the aisle and another passenger fell on her.

As a result of the accident plaintiff alleges she suffered a fracture and displacement of the coccyx, as well as a

fracture of the right transverse process of one of the lumbar vertebrae. An examination made in January, 1947, disclosed an abnormal condition in plaintiff's back, diagnosed as a "partial straightening of the normal lumbar curves". Plaintiff testified she suffered considerable pain and discomfort from the injuries, and had incurred debts of approximately $189.10 for care, treatment and incidental expenses respecting the same.

Defendant explained the occurrence which caused plaintiff's injuries by introducing testimony tending to show that the paved portion of the road on which the bus was being operated at the time of the accident was approximately sixteen feet wide, having a soft berm on the right side about one foot in width; that just before the accident a loaded motor truck travelling in the opposite direction approached the bus at a speed of about forty-five miles an hour; that the motor truck was being driven on the wrong side of the road; and that in order to prevent a collision between the truck and the bus, the driver of the bus drove on the berm of the road, and thereupon the bus slid into the ditch.

The driver of the bus testified that he first saw the truck about one hundred fifty to two hundred feet away, and that he thought it would move over to the proper side of the road to allow the bus to pass. But when he realized that the truck did not move to the proper side of the road, it was too late to stop, and the only course open to him then was to drive on the berm.

Plaintiff and other witnesses testifying in her behalf say that they knew nothing about the truck. However, defendant's explanation is supported by the driver in charge of the bus and two other witnesses.

On the foregoing facts the jury found a verdict for the plaintiff in the amount above stated, and the court, after overruling a motion to set aside the verdict, entered judgment thereon.

Defendant in seeking reversal of this judgment assigns errors based upon the following propositions: (1) That instructions tendered by plaintiff should not have been given, and that instructions offered by defendant should have been given; and (2) that the evidence is not sufficient to sustain the verdict.

Although the improper admission of evidence is assigned in this Court as error, and defendant gave it as one of the grounds in support of its motion to set aside the verdict and grant a new trial, no special bill of exceptions is found in the record setting forth the objectionable evidence. Moreover, defendant in its brief fails to point out any specific part of the evidence as being objectionable. This Court has held: "On the party complaining rests the duty of specifying the evidence by him deemed improperly admitted over his objection. When not so designated, the appellate court will not search for the objectionable testimony." *McKinney v. McKinney*, 77 W.Va. 58, 87 S.E. 928. See *Angrist v. Burk*, 77 W.Va. 192, 87 S.E. 74; *Bartlett v. Bank*, 77 W. Va. 329, 87 S.E. 444; *State v. Noble*, 96 W.Va. 432, 123 S.E. 237; *State v. Dudley*, 96 W.Va. 481, 482, 123 S.E. 241. Accordingly, we do not consider the assignment of error based upon the admission of evidence.

The giving and refusal of instructions are made the basis of four assignments of error, which we have consolidated as above stated.

Plaintiff's instruction No. 1, which was given over defendant's objection, reads as follows: "The Court instructs the jury that the law in tenderness to human life and limbs, holds public carriers of passengers for hire liable for the slightest negligence, and compels them to repel by satisfactory proofs every imputation of such negligence. Therefore, if you find by a preponderance of the evidence in this case that the defendant, by and through its agent, the driver of the motorbus, was guilty of negligence in the slightest degree whereby plaintiff's injuries, if any, re-

sulted, you may find for the plaintiff in an amount adequate to compensate her for the injuries she may have sustained, if any, not to exceed the sum of $2900.00."

This instruction is quoted in part from an instruction discussed in *Farley v. Railway Co.*, 67 W.Va. 350, 355, 67 S.E. 1116, and, in so far as it states the degree of care owed by defendant to plaintiff, the instruction is unobjectionable. However, by specific objection defendant raises the question whether it can be charged with the "imputation" of negligence.

It is a general rule that negligence is not presumed but must be shown. *Cooper v. Motor Co.*, 128 W.Va. 312, 36 S.E. 2d 405; *Fleming v. McMillan*, 125 W.Va. 356, 26 S.E. 2d 8; *Agsten v. United Fuel Gas Co.*, 117 W.Va. 515, 523, 186 S.E. 126.

But in action by a passenger to recover damages for accidental injuries sustained while riding in a vehicle operated by a common carrier, a well defined exception exists. In the case of *Farish & Co. v. Reigle*, 11 Gratt. 697, decided in 1854, it was held: "Where a passenger is injured by the upsetting of the coach, the presumption is, that it occurred by the negligence of the driver; and the burden of proof is on the proprietors of the coach, to show there was no negligence whatsoever." The foregoing holding in the *Farish* case was modified by this Court in the case of *Blake v. Camden Interstate Ry. Co.*, 57 W.Va. 300, 50 S.E. 408. In the *Blake* case it was reasoned that the rule laid down in the *Farish* case does not apply where the injury of a passenger was accompanied by "* * * an active voluntary movement on his part, combined with some alleged deficiency in the carrier's means of transportation or accommodation * * *." However, in instances where a passenger occupies a carrier's vehicle and engages in no active, voluntary movement the doctrine of the *Farish* case is applicable. *Blake v. Camden Interstate Ry. Co., supra.*

In the case of *Venable v. Taxi Line,* 105 W.Va. 156, 141 S.E. 622, this Court held that if injury to a passenger would not have occurred but for the gross negligence of the carrier, negligence is *prima facie* imputed to the carrier from the bare fact of the injury.

We think an exception to the general rule that negligence is never presumed may be stated that where the relationship of common carrier and passenger is shown and the passenger was injured while passively riding in the carrier's vehicle, a *prima facie* case of negligence on the part of the carrier exists, sufficient to take it to the jury. In such instance, it is incumbent upon the carrier to rebut such *prima facie* case by showing there was no negligence. Plaintiff's instruction No. 1 substantially states this doctrine, and in that respect it is not erroneous.

Plaintiff's instruction No. 2 states almost *verbatim,* the doctrine laid down in the *Farish* case, and in that respect it is free from objection. But we think that both plaintiff's instructions Nos. 1 and 2 are defective in that each does not require the jury to believe that the negligence of defendant was the proximate cause of plaintiff's injury. No citation of authority is required for the basic proposition that a defendant's negligence, to be actionable, must be the proximate cause of plaintiff's injuries. In this Court we consider only specific grounds of objection to instructions. Rule VI (e), Rules of Practice and Procedure for Trial Courts, 116 W.Va. lxiii; *Deitz v. County Court,* 122 W.Va. 296, 8 S.E. 2d 882; *Bragg v. C. I. Whitten Transfer Co.,* 125 W.Va. 722, 26 S.E. 2d 217; *Slater v. Gas Co,* 126 W.Va. 127, 132, 27 S.E. 2d 436. See *Raines v. Faulkner,* 131 W.Va. 10, 48 S.E. 2d 393, 398. No specific objection was made to either of said instructions raising the question of proximate cause.

Plaintiff's instruction No. 3 is grounded on the proposition of the negligence of the driver of the motor bus. It tells the jury that if they believe from a preponderance of the evidence that the driver of the motor bus was guilty

of the slightest negligence "so as to contribute in the slightest degree" to the injury of plaintiff, they should find for the plaintiff. This instruction is erroneous in that it fails to tell the jury that the negligence of the defendant's driver should have been the proximate cause; not the slightest contributing cause of plaintiff's injury. Specific objection to plaintiff's instruction No. 3 raised this question, and the giving thereof constituted reversible error.

Defendant's instruction No. 1 was a peremptory instruction. In the state of this record and for reasons herein stated, we think such instruction was properly refused.

Defendant's instruction No. 6, in effect, would have instructed the jury that plaintiff had not introduced evidence to authorize the award of damages for permanent disability. This instruction ignores the medical testimony offered by plaintiff. In addition thereto it is an indirect comment on the weight of the evidence and, if it had been given, would have invaded the province of the jury. There is no error in the refusal of defendant's instruction No. 6.

Defendant's instruction No. 7, *inter alia*, would have instructed the jury, "* * * that negligence is never presumed but must be proved * * *." Defendant's instruction No. 7 ignores the *prima facie* showing of negligence as hereinabove discussed. For that reason it was not error to refuse defendant's instruction No. 7.

The remaining assignment of error deals with the sufficiency of the evidence. As hereinabove stated a *prima facie* case of negligence on the part of defendant exists in this case, which must be rebutted by defendant. But defendant has attempted to absolve itself from liability by offering evidence tending to show that its driver was faced by a sudden emergency which arose by reason of the danger of colliding with the oncoming truck.

In *Clark v. Southwestern Greyhound Lines* (Kan.), 79 P. 2d 906, a case in which the doctrine of sudden emer-

gency was applied, it was shown that plaintiff had been injured by some object which penetrated the bus from the outside. It was further shown that the bus on which plaintiff was riding was on the proper side of the highway and was not being operated at an excessive rate of speed. The Court there held that the carrier was not liable, and that the fact that the bus driver did not turn to the right sooner or to a greater extent, in order to avoid colliding with the above-mentioned object, did not constitute negligence. The case of *Scott v. Torrance* (Ga. App.), 25 S.E. 2d 120, approaches more nearly the facts of the instant case than the *Clark* case. The publisher's headnote No. 7 of the *Scott* case summarizes the holding therein as follows: "Where, to avoid being sideswiped by truck allegedly approaching from opposite direction at excessive speed partly on wrong side of highway, bus driver pulled bus to right and lost control of bus which overturned killing passenger, in action for death of passenger, whether bus driver was negligent was for the jury."

The doctrine involved in the sudden emergency rule is discussed generally in 5 Am. Jur., Automobiles, Section 171, *et seq.*, and citations therein contained. In this State the sudden emergency doctrine is exemplified by the case of *Tochek v. Transport Co.*, 109 W.Va. 20, 152 S.E. 776. In that case the defendant, a common carrier, while attempting to overtake and pass another vehicle was faced with an emergency when the other vehicle suddenly turned into the path of the carrier. Plaintiff's injury in the *Tochek* case resulted from the defendant's emergency application of the brakes, causing plaintiff to be thrown forward so as to strike her face against a part of the vehicle. The Court said: "In such an emergency, not created by the bus driver's negligence his principal is not responsible for consequences of his action which seems to have been the very best course he could pursue under the circumstances to avoid a probably serious collision. Even if he did not exercise the soundest judgment in such situation, his failure to do so would not create liability. 'The rule, therefore, resolves itself to this: That a person confronted with

a sudden peril or emergency will not be held responsible for the consequence of an act or course of action, or omission, which, had he indulged in under normal circumstances, would charge him with negligence; *except that he will be held responsible for such acts or omissions which an ordinary prudent person would have avoided even in an emergenc₁ or peril similar to the one in question.'* Vartanian, Tl e Law of Auto., §6". (Italics supplied.) *Tochek v. Transp rt Co., supra.*

It is to Le noted from the italicized portion of the opinion in the *Tochek* case above quoted, that a jury question arises as to whether the defendant, pleading the doctrine of sudden er ergency, acted as an ordinary prudent person would have acted in the same or similar conditions. See *Cooley v. Killingsworth* (Iowa), 228 N.W. 880, 882.

But where the negligence of the person asserting the doctrine of sudden emergency has created the emergency, such person cannot rely thereon. *Chaney v. Moore,* 101 W. Va. 621, 134 S.E. 204. In the *Chaney* case, the defendant was denied the right to set up as a defense the doctrine of sudden emergency, where she ignored signs which would have warned her of the possibility and probability of a sudden emergency.

Applying the doctrine of the *Chaney* case to the instant case, what better warning of the possibility and probability of a sudden emergency could have been given the defendant's driver than when he saw the truck occupying defendant's side of the road a considerable distance ahead of him? The jury could rightly have inferred that defendant's driver should have stopped or taken another course when he first saw the truck approaching, rather than to wait and determine whether the operator of the truck would return to the truck's proper side of the road.

We do not mean to say that in the circumstances of this case defendant is denied, as a matter of law, the right to establish as a defense the doctrine of sudden emergency. The driver of the bus had a right to assume the driver of

the truck would return to the proper side of the road. Nevertheless, in deference to the high degree of care required by the driver to the carrier's passengers, a jury could infer that he waited unreasonably long before he undertook any action, and that such action as he finally did take, was imprudent as a result thereof.

Or to state the proposition differently, divergent inferences could have been drawn by the jury from the undisputed evidence in this case as to whether the driver of the bus should or should not have stopped or slowed the bus prior to the time he did, so as to avoid an overturn or upset of the vehicle. There being more than one inference which could have been drawn from such evidence, the determination thereof is for the jury. In this respect the case at bar is distinguishable from the *Tochek* case, in that in the *Tochek* case there was no period for deliberation on the part of defendant's driver and his course of action was the only one open to him. In this case there was a period of time for thought and deliberation, and the defendant's driver could have taken one of several courses of action after the emergency first became imminent. Accordingly, we cannot find, as a matter of law, that defendant is relieved of liability in this case by reason of its defense of sudden emergency. The questions whether defendant driver's negligence helped create the emergency, and whether he acted prudently in the circumstances when first he became aware of the danger, are properly matters for jury determination.

Defendant argues that we should enter judgment here in case of reversal. This cannot be done under the facts of this case. *Koblegard Co. v. Maxwell,* 127 W.Va. 630, 34 S.E. 2d 116.

For error in giving plaintiff's instruction No. 3, the judgment of the Circuit Court of Taylor County is reversed, the verdict set aside, and a new trial awarded defendant.

> *Judgment reversed; verdict set aside; new trial awarded.*

HAYMOND, JUDGE, concurring:

I concur in the reversal of the judgment of the trial court because of its action in giving the erroneous instruction mentioned and discussed in the opinion of the Court. I also agree that the first point of the syllabus, which deals with that instruction, contains a correct statement of law. I would, however, reverse the judgment for the added reason that, in my opinion, the evidence introduced at the trial did not establish negligence on the part of the defendant as the proximate cause of the injury sustained by the plaintiff.

The undisputed facts, disclosed by the evidence, show that the driver of the bus of the defendant was suddenly, and without fault upon his part, confronted with an emergency which he did not create but which called for his immediate action. When the driver, operating the bus on its right side of the improved portion of the highway, first saw the oncoming truck approaching from the opposite direction, at a speed of about forty-five miles per hour, at a distance of approximately one hundred and fifty to two hundred feet from the bus, he had to decide at once whether to check the speed of the bus and endeavor to stop it, or to swerve suddenly to the right and run off the hard surface portion of the road in an effort to avoid a collision. He chose the latter course and as the result of that act plaintiff was injured when the bus suddenly tilted as its right front wheel entered the ditch on the soft berm about one foot to the right of the hard surface portion of the highway. When confronted with the situation just referred to, the operator of the bus had no reason to expect or believe that the driver of the rapidly approaching truck would pull to his right in time to pass the bus without striking it. The driver of the truck gave no sign or indication that he would check its speed or change its course in time to avoid the collision which was imminent. In these circumstances, which were wholly beyond the control of the operator of the bus, his only apparent available means of escape was to swerve suddenly to his right and run upon the berm. If he slowed or stopped the bus with-

out driving to the right, and the truck continued its approach without changing its course, as then appeared to be certain, any attempt to check the speed of the bus or to stop it in its position on the road would not have prevented a collision with probable resultant serious injury to the passengers in the bus and to the driver of each vehicle. The belated and unexpected act of the driver of the truck in changing its direction and passing the bus as it veered to its right and off the road is of no consequence in determining whether the operator of the bus exercised the care of a reasonably prudent person in the circumstances which existed at the time.

The basis of the plaintiff's action is the negligence of the defendant in the operation of its bus in which she was riding at the time of her injury. In my opinion under the evidence, as disclosed by the record, the trial court should have granted the motion of the defendant for a directed verdict, made at the conclusion of the evidence, and should have instructed the jury to return a verdict in its favor, because negligence of the defendant was not established. "In an action based on negligence, it is reversible error for the trial court to refuse to direct a verdict in favor of the defendant when the plaintiff has failed to show facts from which negligence upon the part of the defendant can reasonably be inferred." *Cooper v. Pritchard Motor Co.*, 128 W.Va. 312, 36 S.E. 2d 405, Syllabus, Point 4. Though, as stated in the opinion of the Court, as an exception to the general rule that negligence is never presumed, where the relation of common carrier and passenger exists and the passenger is injured while passively riding in the vehicle of the carrier, a *prima facie* case of negligence arises, in my opinion, upon the undisputed facts of this case, no negligence of the defendant was shown. This presumption of negligence is rebuttable, and when explained or overcome, as it was in this case by the evidence introduced by the defendant, is not of itself, evidence of negligence. A rebuttable presumption "is not evidence of a fact, but purely a conclusion, having no probative force, and designed only to

sustain the burden of proof until evidence is introduced tending to overcome it." *Jenkins v. Spitler,* 120 W.Va. 514, 199 S.E. 368. The testimony of witnesses that they did not see the approaching truck, without giving any reason for their failure to see it, being purely negative, does not create a conflict in the evidence with respect to the testimony of the witnesses who testified that they saw the truck, *Cavendish v. Chesapeake & Ohio Railway Company,* 95 W.Va. 490, 121 S.E. 498; and the other material facts are not in dispute. When the evidence upon the issue of negligence or contributory negligence is not conflicting and only one inference may be drawn by reasonable men from undisputed facts, the issue becomes a question of law for the court. *Cooper v. Pritchard Motor Co.,* 128 W.Va. 312, 36 S.E. 2d 405; *Gilkerson v. Baltimore & Ohio Railroad Company,* 129 W.Va. 649, 41 S.E. 2d 188. This rule applies to the undisputed facts disclosed by the evidence which shows clearly and to the exclusion of any reasonable inference to the contrary, that the defendant was not guilty of negligence which caused the injury to the plaintiff.

I think this case is controlled by the holding of this Court in *Tochek v. Monongahela Transport Company,* 109 W.Va. 20, 152 S.E. 776. In that case the driver of a bus, operated by the transport company as a common carrier, when about to pass an automobile on a highway in front of the bus, was faced with an emergency caused by the act of the driver of the automobile in suddenly turning it in front of the bus which at the time was about fifty feet behind the automobile. To avoid a collision the operator of the bus quickly applied the brakes and abruptly checked the speed of the bus from ten or fifteen miles per hour to about five miles per hour. These acts resulted in injury to the plaintiff, a passenger, by causing her to fall and come in contact with a part of the inside of the bus. In holding that the bus driver in the *Tochek* case was not guilty of negligence, this Court said: "* * * we consider only the question of the negligence of the bus driver. That circumstance is control-

ling. In the light of the foregoing evidence, as disclosed by the record, the peremptory instruction offered by the defendant should have been given."

The time element in the *Tochek* case does not clearly appear from the opinion of the Court, but it is unlikely that it was less than that which appears in the case at bar. Here the evidence shows without dispute that the speed of the bus was about twenty five miles per hour when its driver first saw the oncoming truck traveling at the rate of forty five miles per hour at a distance of one hundred and fifty to two hundred feet ahead. The combined speed of the two vehicles brought them toward each other at the rate of at least one hundred feet per second. In that situation the bus driver had only a second and a half or at the most two seconds to decide what to do. Obviously, he did not have sufficient opportunity, for want of adequate time, or even any time, to deliberate whether to attempt to stop or check the speed of the bus or, instead of doing either, to pull to the right and run off the hard surface of the road as he did in fact. The discussion in the opinion of the Court of that feature of this case does not seem to me to justify any distinction between the situation in the *Tochek* case and that which existed in the case at bar, which would render the holding of that case inapplicable here. On the contrary, I think the holding of this Court in that case is decisive of this case and operates to dispose of the question of negligence, under the evidence, as a matter of law, in favor of the defendant and to exonerate it completely of any charge of negligence.

I would reverse the judgment of the trial court for the additional reason that the plaintiff has failed to establish her charge of negligence upon the part of the defendant. I would also hold that, under the evidence as disclosed by the record, the question of negligence in this case was one of law for the court and not one of fact for the jury.

I am authorized to say that Judge Fox concurs in this opinion.