## PLEHN et al. v. HOLLYWOOD–MAXWELL CO.

United States District Court
S. D. New York.

Sept. 30, 1952.

Armand E. Lackenbach, New York City, for plaintiffs.

Moses, Nolte, Crews & Berry, New York City, for defendant.

NOONAN, District Judge.

This action was instituted by plaintiffs, Henry M. Plehn and Peter Pan Foundations, Inc., for infringement of United States Letters Patent No. 2,535,864. The defendant filed an answer and two counterclaims: the first, for declaratory relief, to have this court declare the patent in suit invalid and not infringed; and the second, to restrain unfair competition and for damages resulting therefrom.

Insofar as the defendant's first counterclaim, for declaratory relief, is concerned, the issues are substantially the same as those raised by plaintiffs' complaint, except that defendant's prayer asks for affirmative relief, by way of an injunction, to restrain the plaintiffs from asserting or claiming that defendant's products are infringements of the patent in suit.

Defendant has brought on two motions, one for summary judgment on its counterclaims, the other for a preliminary injunction restraining plaintiffs from the circulation of infringement notices or otherwise contending that defendant's brassiere infringes plaintiffs' patent.

Defendant in its motion for summary judgment argues: (a) the claims of the patent define nothing patentable over the prior art; (b) the accused device is substantially identical with the prior art, and, therefore, there can be no infringement; and (c) defendant's brassiere does not infringe plaintiffs' patent.

Affidavits submitted in support of a motion for summary judgment are studied to ascertain whether an issue of fact is presented, but cannot be used to resolve such fact issue. Frederick Hart & Co. v Recordgraph Corporation, 3 Cir., 169 F.2d 580.

The court concludes that the arguments upon which the movant relies raise questions of fact which can be best resolved by the presentation of expert testimony in the field.

As to the motion for a preliminary injunction, defendant has alleged that plaintiffs, in claiming an infringement, have acted in bad faith.

Defendant argues in effect that the invalidity of the instant patent is so obvious that of necessity plaintiffs are not acting in good faith. However, the facts belie such a state of mind on the part of plaintiffs. There has been no showing or proof that plaintiffs have doubts as to the validity of their patent. Cf. Magnetic Engineering & Mfg. Co. v. Dings Mfg. Co., 2 Cir., 178 F.2d 866.

The motion for a preliminary injunction is accordingly denied.