Jack J. COLM, and Binky Baby Products
Company, a Partnership, Plaintiffs,

v.

John G. KYLES, Defendant.

Civ. A. No. 18361.

United States District Court
E. D. New York.

Jan. 13, 1960.

Nickel & Bader, New York City, for defendant, by I. Walton Bader, New York City, of counsel.

Irving Seidman, New York City, for plaintiff.

BYERS, District Judge.

This is a defendant's motion under F.R.Civ.P.Rule 56, 28 U.S.C.A., whereby it is sought thus summarily to dispose of the issues of validity and infringement concerning plaintiff's patent No. 2,717,603 for a baby pacifier; and the issue of infringement of plaintiff's registered trademark Aqua Cool as applied to a baby teether. These are the two causes of action pleaded in the amended complaint.

As to the first the patent is easy to understand, but not so easy to adjudicate.

The device is constructed of plastic material in the shape of a ring as to the important element. The lower segment of the circle which it forms is much wider than the extensions thereof which are curved so as to meet and engage in the top element of the circle, called the nib. If that engagement is firm, the top ends of the ring cannot be easily disengaged from the nib, which means that an infant cannot be expected by his or her own strength to pull the ring apart, and thus expose itself to injury from the detached ends.

Whether that constitutes patentable invention will depend upon whether any advance in the art of infant pacifiers was embodied in the disclosure. A

decision of that question is not seen to be aided by consideration of what was known to the key-ring art in respect to metal key rings, such as the one said to have been shown in Patent No. 164,105 (1875) which is relied upon by defendant to sustain its motion.

■■ It is familiar law that in close cases of validity, commercial success may be consulted although not deemed to be dispositive of the issue. In any case, evidence on the subject should not be excluded on such a motion as this.

The issue of non-fringement is also tendered.

■ Thus it will be seen that an informed decision of this aspect of the controversy will require the taking of testimony in the light of the presumption of validity which attends the grant of the Letters Patent.

■ With respect to the second cause which rests upon plaintiff's registered trademark Aqua Cool, the issue may not be so important, since the defendant's affidavit is to the effect that he no longer markets his product under the non-registered name of "Wata-Cool."

It would seem that the plaintiff is entitled to offer proof to sustain its cause at a trial, so that an appropriate decision may be made as to the validity of the registration. The defendant asserts that the plaintiff's mark is merely descriptive and therefore invalid. From the meager showing thus far, it would seem that the mark is not descriptive of the pacifier, but indicative of the reason why it functions successfully. Whether that is ultimately so decided will depend upon the evidence to be adduced at the trial.

Thus in the opinion presently held, the issues in the case are not properly susceptible to disposition in the summary fashion suggested by the defendant. Cf. Long v. Arkansas Foundry Co., 8 Cir., 247 F.2d 366, at page 369;

Plehn v. Hollywood, etc., D.C., 109 F. Supp. 622; Adams v. Columbus, etc., D. C., 169 F.Supp. 346.

Motion denied. Settle order.