Thomas R. **WELLS**, Marian S. Wells, Plaintiffs,

v.

D. C. **TRANSIT SYSTEM, INC.**, a Corporation, Defendant.

Civ. A. No. 789–59.

United States District Court
District of Columbia.

March 16, 1960.

---

Leonard R. Snyder, Washington, D. C., for plaintiffs.

Owen J. Malone, Harold Smith, Washington, D. C., for defendant.

YOUNGDAHL, District Judge.

On November 6, 1958, at about 9:30 p. m., the plaintiff was crossing Pennsylvania Avenue, S. E. in a northerly direction, between 6th and 7th Streets, S. E., when she allegedly fell over the westbound streetcar track closest to the center of the street. The complaint alleges that "her foot caught underneath the raised street car track", she fell and sustained injuries.

Defendant has moved for summary judgment, contending that on the record presented, the Court should rule as a matter of law that the defendant was not negligent.

While summary judgment in a negligence action is possible,[1] it is not usual. Defendant argues that the plaintiff's deposition and the affidavit of Alfred F. Sparshott (an engineer, employed by the defendant) clearly show that the defendant was not negligent.

Although it is true, as defendant has pointed out, that the plaintiff testified, "No, I didn't" in answer to the question, "Did you see anything wrong with the tracks?"[2] she also testified as follows:

"Q. I would like you to describe particularly what part of your foot caught under which part of which track. A. My toe caught underneath the tracks.[3]

\* \* \* \* \* \*

"Q. After you got up from the ground, what did you do? Did you make any examination of the area there? A. What, of the tracks, do you mean?

"Q. Yes. A. Well, when they picked up my shoe I looked and noticed that the track *wasn't even with the ground.* I was wondering why I fell. I noticed that." (Emphasis supplied)[4]

Sparshott's affidavit states only that the tracks "were laid and installed in conformity with common and known use"; nothing is said about the condition of the tracks on the night of the accident.

The defendant has placed much reliance upon District of Columbia v. Caton, 1918, 48 App.D.C. 96. But that case does not go far enough for plaintiff to succeed here. In Caton, a street railway company constructed its tracks in a manner approved by the municipal authorities. Plaintiff's wagon wheel caught in the tracks and he was injured. He sued both the railway company and the District. The Court simply held that since the method of construction utilized was the safest plan then known and had the approval of the municipal authorities, the railway company could not be held

1. E. g., American Airlines v. Ulen, 1949, 87 U.S.App.D.C. 307, 186 F.2d 529 (personal injury action for damages resulting from airplane crash; summary judgment as to liability granted, and upheld).

2. Plaintiff's deposition, p. 16.

3. At p. 13.

4. At p. 19.

liable. This does not mean that a railway company can ignore dangerous conditions and escape liability when those conditions cause injury. Indeed the Court in Caton so recognized.[5]

The above, taken with the general proposition that the credibility of the witnesses is usually of some significance in cases such as these, and applied to the standard that summary judgment should be granted only where "it is quite clear what the truth is",[6] causes the Court to conclude that the determination of the existence of negligence here rests with the jury.

The motion for a summary judgment is denied.

---

5. 48 App.D.C. at page 103.

6. Sartor v. Arkansas Natural Gas Corp., 1944, 321 U.S. 620, 627, 64 S.Ct. 724, 728, 88 L.Ed. 967; Evers v. Buxbaum, 1958, 102 U.S.App.D.C. 334, 335, 253 F.2d 356, 357.