WILLIAM A. GRAHAM

*v.*

HALLIE CRIST

(No. 12056)

Submitted January 17, 1961.    Decided March 7, 1961.

*Mahan, White, Higgins & Graney, Patrick C. Graney, Jr.,* for plaintiff in error.

*Laird, Thrift & Hamilton, R. J. Thrift, Jr.,* for defendant in error.

HAYMOND, PRESIDENT:

This is an action of trespass on the case which was instituted in the Circuit Court of Fayette County. The

plaintiff, William A. Graham, seeks to recover damages from the defendant, Hallie Crist, for personal injuries and property damage sustained by the plaintiff which were caused by the alleged negligence of the defendant. Upon the trial of the case at the January Term 1960 of the circuit court, the jury returned a verdict in favor of the plaintiff for $3,000.00. The circuit court overruled the motion of the defendant to set aside the verdict and grant him a new trial and on May 16, 1960, rendered final judgment for the plaintiff for the amount of the verdict with interest and costs. To that judgment this Court granted this writ of error and supersedeas upon the application of the defendant on July 11, 1960.

The plaintiff, a young unmarried man twenty five years of age, sustained the injuries and the damage of which he complains in a collision between a motorcycle owned and operated by him and a Ford truck owned and operated by the defendant in which his wife was riding at the time. The collision occurred about four o'clock in the afternoon of May 3, 1959, on U. S. Route 60, a main public highway, between the intersection of two secondary roads with that highway at Lookout, in Fayette County. One of these secondary roads, known as the Divide Road, intersects U. S. Route 60 from the north and the other of these secondary roads, known as the Winona Road, intersects U. S. Route 60 from the south. The distance between these intersections and between the stop signs near each of them is about 200 feet. The width of the highway at the point of the collision is approximately thirty three feet and that section of the highway is almost level. The plaintiff lived within a few miles of the scene of the accident, had previously traveled the highway frequently, and was acquainted with that section of the highway, the markings on it, and the road signs near the place where the collision occurred. For some distance east and west of the stop signs on the surface of the highway the highway is divided into three lanes. The northern lane is reserved for through traffic to

the west, the southern lane is reserved for through traffic to the east, and the center lane, a no passing zone, is reserved for traffic leaving the highway to enter the intersecting secondary roads. The limits of each of these lanes are indicated by double white lines on the concrete surface of the highway.

The plaintiff was traveling west on the highway and when he was about 250 feet east of the intersection of Divide Road he saw the truck of the defendant as it was about to enter the highway from the north. He testified that the defendant entered the highway ahead of him without stopping the truck. The defendant testified that he stopped his truck and looked in both directions before entering the highway. The statement of the defendant that he stopped is corroborated by his wife and by a witness produced by the plaintiff who observed the truck as it entered the highway. When the defendant entered the highway the plaintiff was 150 feet behind the truck which proceeded to the west in the northern lane. After traveling a short distance in that lane the defendant entered the center lane and proceeded in that lane to the stop sign on the highway where, according to his testimony but contrary to the testimony of the plaintiff, the defendant stopped the truck. The defendant then made a left turn in an endeavor to leave the highway and enter the Winona Road intersection to the south. While the defendant was engaged in turning his truck to the left the plaintiff, who had been following the truck in the center lane at a speed of from thirty to forty miles per hour and at a distance of approximately fifty feet behind the truck, realizing that he could not pass the truck to its left, veered to his right in an effort to pass the truck, and struck the right rear corner of the bed of the truck. After the impact the motorcycle proceeded about twenty feet west in the center lane. It then toppled and fell on its right side. After being struck from the rear the truck came to a stop in or near the intersection of the Winona Road. The plaintiff was severely injured and his motorcycle of the value of

$375.00 was completely wrecked in the collision. He sustained a permanent scar on the left side of his face, numerous other lacerations and bruises, and a comminuted fracture of his left leg from which he had not fully recovered at the time of the trial of the case. He was taken immediately to a hospital in Oak Hill where he was confined from May 3 to June 18, 1959, and he has incurred medical and hospital expenses in an amount of $1,152.79.

When the plaintiff saw the truck enter the highway about 150 feet in front of him and proceed for some distance in the northern lane he thought the truck would continue in that lane west of the Winona Road intersection. The plaintiff then decided to pass the truck to its left and he entered the center lane for that purpose when the motorcycle was about fifty feet behind the truck. The defendant testified that he gave a signal with his arm indicating that he intended to turn left at the Winona Road intersection as he entered the center lane for that purpose and the plaintiff on cross-examination admitted that he saw the defendant give such signal. The plaintiff also admitted that he knew the center lane was reserved for traffic to make a left turn at the Winona Road intersection, that he ignored the double white line which marked the center lane, that though he reduced the speed of the motorcycle from forty to thirty miles per hour while following the truck in the center lane for the purpose of passing it to the left he did not use the brakes of the motorcycle to reduce its speed and, though it was equipped with a horn, the plaintiff gave no audible signal to indicate that he intended to pass the truck.

The defendant assigns as error the action of the circuit court (1) in overruling the motion of the defendant, made at the conclusion of the evidence introduced by the plaintiff and renewed at the conclusion of all the evidence, to direct the jury to return a verdict for the defendant on the grounds that the evidence did not establish primary negligence on the part of the defendant but did establish, as a matter of law, con-

tributory negligence on the part of the plaintiff which proximately caused or contributed to his injuries; (2) in refusing to give to the jury Instruction No. 1, offered by the defendant, which would have directed the jury to return a verdict for the defendant; and (3) in refusing to give to the jury Instructions Nos. 5 and 10, offered by the defendant, and in giving to the jury Instructions Nos. 1 and 6, offered by the plaintiff.

Though the evidence to establish primary negligence on the part of the defendant is not entirely clear and satisfactory, it is conflicting as to whether the defendant stopped his truck before entering the highway in front of the plaintiff, as to the position of the truck on the highway when he gave the signal indicating his intention to turn left to enter the Winona Road intersection, and as to whether he stopped his truck before turning it to the left at that point, and the evidence on these matters is sufficient to justify the finding of the jury, as indicated by its verdict, that the defendant was guilty of primary negligence which was the proximate cause of the injuries sustained by the plaintiff. This Court has repeatedly and consistently held in many cases that when the evidence is conflicting, or when the facts, though undisputed, are such that reasonable men may draw different conclusions from them, the questions of negligence and contributory negligence are for the jury. *Overton v. Fields,* 145 W. Va. 797, 117 S. E. 2d 598; *Lawrence v. Nelson,* 145 W. Va. 134, 113 S. E. 2d 241; *Lewis v. Mosorjak and McDonald,* 143 W. Va. 648, 104 S. E. 2d 294; *Workman v. Wynne,* 142 W. Va. 135, 94 S. E. 2d 665; *Prettyman v. Hopkins Motor Company,* 139 W. Va. 711, 81 S. E. 2d 78; *Davis v. Sargent,* 139 W. Va. 861, 78 S. E. 2d 217; and the many cases cited in those decisions. It is also well established by many decisions of this Court that it is the peculiar and exclusive province of the jury to weigh the evidence and to resolve questions of fact when the testimony of witnesses regarding them is conflicting and that the finding of the jury on such facts will not ordinarily be disturbed by

this Court. *Overton v. Fields,* 145 W. Va. 797, 117 S. E. 2d 598; *Lewis v. Mosorjak and McDonald,* 143 W. Va. 648, 104 S. E. 2d 294; *Workman v. Wynne,* 142 W. Va. 135, 94 S. E. 2d 665; *Davis v. Sargent,* 138 W. Va. 861, 78 S. E. 2d 217; *Gilkerson v. Baltimore and Ohio Railroad Company,* 129 W. Va. 649, 41 S. E. 2d 188; *Yuncke v. Welker,* 128 W. Va. 299, 36 S. E. 2d 410; *Thorn v. Addison Brothers and Smith,* 119 W. Va. 479, 194 S. E. 771. For these reasons the finding of the jury on the question of the negligence of the defendant, dealt with as standing alone, will not be disturbed on writ of error.

Concerning the question whether the plaintiff was guilty of negligence which proximately caused or contributed to his injuries this Court has also consistently and repeatedly held in many cases that when the material facts are undisputed and only one inference may be drawn from them by reasonable minds the questions of negligence and contributory negligence are questions of law for the court. *Brake v. Cerra,* 145 W. Va. 76, 112 S. E. 2d 466; *Workman v. Wynne,* 142 W. Va. 135, 94 S. E. 2d 665; *Daugherty v. Baltimore and Ohio Railroad Company,* 135 W. Va. 688, 64 S. E. 2d 231; and the numerous cases cited in the opinions in those decisions. In *Krodel v. Baltimore and Ohio Railroad Company,* 99 W. Va. 374, 128 S. E. 824, in which the plaintiff was injured by the defendant while driving her automobile across its tracks, this Court held in point 5 of the syllabus that "Where the facts which control are not disputed and are such that reasonable minds can draw but one conclusion from them, the question of contributory negligence barring recovery is one of law for the court."

It is clear from the undisputed evidence that the plaintiff, as a matter of law, was guilty of negligence which proximately caused or contributed to his injuries. For that reason he is not entitled to recover from the defendant in this action and the circuit court should have sustained the motion of the defendant to direct a verdict in his favor or, failing to do so,

should have given the peremptory Instruction No. 1, offered by the defendant, which would have instructed the jury to return a verdict for the defendant. The refusal of the circuit court to do either constituted reversible error.

Instructions Nos. 5 and 10, dealing with contributory negligence, offered by the defendant and refused by the circuit court, were correct and proper and its refusal to give those instructions also constituted reversible error.

Instruction No. 1, on the question of the preponderance of the evidence, and Instruction No. 6, on the question of damages, offered by the plaintiff and given by the circuit court, were correct and proper and its action in giving them was in no wise prejudicial to the defendant.

The contention of the plaintiff that he was confronted with a sudden emergency and in that situation exercised the care of a reasonably prudent person in the existing circumstances is devoid of merit. The undisputed evidence shows that any emergency that existed was created by the negligent acts and conduct of the plaintiff himself in attempting to pass the truck in a no passing zone, in wrongfully using the center lane for that purpose, in failing to reduce the speed of his motorcycle sufficiently to enable him to avoid the collision, and in failing to give an audible signal in attempting to pass the truck in front of him. In those circumstances the doctrine of sudden emergency manifestly can not be applied. *Chaney v. Moore*, 101 W. Va. 621, 134 S. E. 204. That doctrine is that a person confronted with a sudden emergency which he does not create, who acts according to his best judgment or, because of insufficient time to form a judgment, fails to act in the most judicious manner, is not guilty of negligence if he exercises the care of a reasonably prudent person in like circumstances. *Meadows v. Stickler*, 144 W. Va. 644, 110 S. E. 2d 380; *Mulroy v. Co-Operative Transit Company*, 142 W. Va. 165, 95

S. E. 2d 63. See also *Overton v. Fields,* 145 W. Va. 797, 117 S. E. 2d 598; *Matthews v. Cumberland and Allegheny Gas Company,* 138 W. Va. 639, 77 S. E. 2d 180; *Laphew v. Consolidated Bus Lines,* 133 W. Va. 291, 55 S. E. 2d 881; *Isabella v. West Virginia Transportation Company,* 132 W. Va. 85, 51 S. E. 2d 318; *Tochek v. Monongahela Transport Company,* 109 W. Va. 20, 152 S. E. 776; *Chaney v. Moore,* 101 W. Va. 621, 134 S. E. 204.

The judgment of the Circuit Court of Fayette County is reversed, the verdict of the jury, being contrary to the evidence as to the negligence of the plaintiff, is set aside, and a new trial is hereby awarded the defendant.

*Judgment reversed,*
*verdict set aside,*
*new trial awarded.*