**James WILLETTS, Plaintiff,**

v.

**GENERAL TELEPHONE DIRECTORY CO., Defendant.**

United States District Court
S. D. New York.
Nov. 1, 1965.

Kreindler & Kreindler, New York City, for plaintiff; Paul S. Edelman, New York City, of counsel.

Evans, Orr, Gourlay & Pacelli, New York City, for defendant; William F. Laffan, Jr., New York City, of counsel.

LEVET, District Judge.

Two motions in the above-entitled action are before me. In one, plaintiff, a passenger in an automobile not operated by him but apparently involved in a collision with a car owned by defendant and operated by defendant's employee, one Willoughby, moves for summary judgment. In the other, defendant moves to transfer the instant action from the Southern District of New York to the Northern District of West Virginia under the provisions of 28 U.S.C. § 1404(a).

### MOTION FOR SUMMARY JUDGMENT

The plaintiff's motion for summary judgment is based upon (1) an affidavit of Paul S. Edelman, plaintiff's lawyer; (2) an affidavit of plaintiff; and (3) a portion of the deposition of Willoughby.

The affidavit of the attorney, who did not witness the accident, may not be considered since it is not made on personal knowledge. Fed.R.Civ.P. 56(e). Neither may consideration be given to any persons who were travelling in the automobile with the plaintiff and who witnessed the accident since their affidavits have not been submitted.

Plaintiff's affidavit contains statements which are susceptible to some question. He states, for example, that the car in which he was riding was hit by "a car speeding out of control," that his "car had moved as far to the right as was possible," and that the other car was coming "at a tremendous rate of speed," "made no visible attempt to get back" and struck his car "at a very high rate of speed." (Emphasis added)

The deposition of Willoughby, the driver of defendant's car, is more illuminating. He concedes that he was on his employer's business with the consent of his employer, the defendant, and describes the scene of the accident. It occurred on a two-lane road which, as seen from the direction in which he was driving, had an embankment at the left of the shoulder or "berm" on the left and a mountain at the right. The roadway declined slightly at the point of the accident. The road was wet, slippery, and oily. Further, it was raining and a misty, dark, dreary day.

The impact took place, Willoughby concedes, on the "berm" on the left side of the road. Willoughby's left front fender struck the front end of the car in which plaintiff was riding. Portions of each car, however, were on the pavement after the impact. About one mile before impact, Willoughby's speed had been thirty to thirty-five miles per hour. About 600 to 700 feet before the impact, his car crossed over the center line of the highway and entered the left-hand "berm." Willoughby concedes that he did not apply his brakes at that time, but that he had let the car "continue in the pattern that it had formed for itself," that is, he "let it continue in the direction in which it was sliding." He saw the car in which plaintiff was riding some 700 feet away. Willoughby did not sound his horn or attempt to change the direction of the car but about five seconds before the impact he applied his brakes and slowed his car down to five to ten miles per hour. Willoughby approximates the speed of the car in which plaintiff was riding at thirty to thirty-five

miles per hour and says the impact was severe. Willoughby, further, attributes the cause of his car moving across the center line to a "skidding action" which began when he was going twenty to twenty-five miles per hour at a point 900 feet from the point of impact. During the skid, the car moved both to the left and the right.

Defendant in opposition to the motion for summary judgment submitted (1) Willoughby's affidavit; (2) an affidavit of defendant's attorney; and (3) another portion of Willoughby's deposition.

Willoughby in his affidavit contends:

(1) It was rainy, and the road was oily;

(2) He applied brakes and attempted to stop his car;

(3) The sole cause of the accident was the skidding of defendant's car.

■■ Certain statements in defense counsel's affidavit must be disregarded as hearsay. Affidavits should follow substantially the same form as though affiant were giving testimony in court. Accordingly, no consideration may be given to hearsay statements. Fed.R.Civ. P. 56(e); Seward v. Nissen, 2 F.R.D. 545 (D.Del.1942); Boerner v. United States, 26 F.Supp. 769 (E.D.N.Y.1939).

■ Issues of negligence are ordinarily not susceptible of summary adjudication. Taff v. Singer Sewing Machine Co., 331 F.2d 405, 407 (5th Cir. 1964); Aetna Insurance Co. v. Cooper Wells & Co., 234 F.2d 342 (6th Cir. 1956); Wells v. D. C. Transit System, Inc., 182 F.Supp. 69 (D.D.C.1960); Furlong v. Stichman, 24 F.R.D. 400 (S.D.N.Y.1959); 6 Moore, Federal Practice ¶ 56.17 [42], at 2232 (2d ed. 1953). The remedy of summary judgment may be invoked only when a complete absence of genuine fact issues appears on the face of the record. All doubts on this point must be resolved against the moving party. Warner v. First Nat'l. Bank of Minneapolis, 236 F.2d 853 (8th Cir.), cert. denied 352

U.S. 927, 77 S.Ct. 226, 1 L.Ed.2d 162 (1956); Griffeth v. Utah Power & Light Co., 226 F.2d 661 (9th Cir. 1955); Doman v. Moe, 183 F.Supp. 802 (S.D.N.Y. 1960); Glick v. Empire Box Corp., 142 F.Supp. 761 (S.D.N.Y.1956); Van Brode Milling Co. v. Kellogg Co., 132 F.Supp. 330 (D.Del.1955).

■ It is, of course, elementary that on this motion the court cannot try issues of fact but only determines whether there are issues of fact to be tried. Empire Electronics Co. v. United States, 311 F.2d 175 (2nd Cir. 1962); Reynolds Pen Co. v. W. A. Sheaffer Pen Co., 22 F.R.D. 502 (S.D.N.Y.1958); Plehn v. Hollywood-Maxwell Co., 109 F.Supp. 622 (S.D.N.Y.1952). This rule applies even where there is no material dispute as to the facts and circumstances. As was stated in Empire-Electronics Co. v. United States, supra:

" 'The facts and circumstances, although in no material dispute as to their actuality, [may] reveal aspects from which inconsistent hypotheses might reasonably be drawn and as to which the minds of reasonable men might differ. The drawing of inferences and the acceptance of hypotheses arising out of the facts are ordinarily attributes that the judicial process has conferred upon the finder of facts.' Winter Park Tel. Co. v. Southern Bell Tel. & Tel. Co., 181 F.2d 341 (5th Cir. 1950). 'The impact of particular circumstances upon an inference arising from an admittedly existing factual situation calls for a factual determination which is the function of the trier of the facts and not that of the court in disposing of a motion for summary judgment * * *. "A judge may not, on a motion for summary judgment, draw fact inferences." ' Bragen v. Hudson County News Co., 278 F.2d 615, 618 (3rd Cir. 1960). * * * * "

Empire Electronics Co. v. United States, 311 F.2d at 180. See also Ramsouer v.

Midland Valley R. Co., 135 F.2d 101, 106 (8th Cir. 1943); United States v. United Scenic Artists Local 829, etc., 27 F.R.D. 499 (S.D.N.Y.1961).

 In the present case, in spite of plaintiff's contentions upon what seem at first blush to be sufficient facts, it appears that there are genuine issues of material fact which preclude granting summary judgment. Skidding in itself is not negligence so that issues of fact exist which include whether defendant's driver was in fact negligent, whether this is a case of unavoidable accident, and whether the sudden emergency doctrine applies to the facts of the present case. The last-named doctrine is part of the law of West Virginia which is applicable to the present case under the doctrine of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), as elucidated by Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). See Henthorn v. Long, 146 W.Va. 636, 122 S.E.2d 186 (1961); Graham v. Crist, 146 W.Va. 156, 118 S.E.2d 640 (1961); Meadows v. Stickler, 144 W.Va. 644, 110 S.E.2d 380 (1959); Matthews v. Cumberland & Allegheny Gas Co., 138 W.Va. 639, 77 S.E.2d 180 (1953); State ex rel. Cox v. Sims, 138 W.Va. 482, 77 S.E.2d 151 (1953); Laphew v. Consolidated Bus Lines, 133 W. Va. 291, 55 S.E.2d 881 (1949); Isabella v. West Virginia Transportation Co., 132 W.Va. 85, 51 S.E.2d 318 (1948).

Plaintiff's motion for summary judgment must be denied.

Settle order on notice.

## MOTION FOR TRANSFER

Section 1404(a) of Title 28 of the United States Code provides:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Defendant moves under this section to transfer the present case from the Southern District of New York to the Northern District of West Virginia.

 On a motion for transfer, the defendant has the burden of making out a strong case. He must overcome the plaintiff's choice of forum, which must be given substantial weight, and demonstrate that the balance of convenience preponderates in his favor. Ford Motor Co. v. Ryan, 182 F.2d 329 (2nd Cir.), cert. denied 340 U.S. 851, 71 S.Ct. 79, 95 L.Ed. 624 (1950); Mills v. Colgate-Palmolive Co., 232 F.Supp. 577 (S.D. N.Y.1964).

Defendant makes the following observations in support of his motion:

1. The witnesses to and the records of the accident are in West Virginia;

2. The accident occurred in West Virginia and West Virginia law will apply;

3. The plaintiff is only a temporary resident of New York for the purpose of receiving medical treatment; and

4. The calendar conditions in the Southern District of New York will delay the trial to a material extent.

Plaintiff, on the other hand, contends that:

1. The principal issue in this case is one of damages, not liability, and the important medical reports and medical witnesses are all in New York;

2. The witnesses to the accident will be produced on trial by the plaintiff and are willing to come to New York;

3. Defendant gives New York City as its principal address in national advertising and will suffer no hardship in presenting its case in this district;

4. Plaintiff has been in New York City at the Rush Institute for treatment of quadriplegia, suffering in the accident, since September 30, 1964; and

5. Transfer will place financial and physical burdens on plaintiff.

Calendar conditions may be considered on a motion for transfer, but they are not controlling. United States v. Swift & Co., 158 F.Supp. 551, 559 (D.D.C.1958); Petition of Texas Co., 116 F.Supp. 915, 917 (S.D.N.Y.1953), aff'd 213 F.2d 479 (2nd Cir. 1954), cert. denied 348 U.S. 829, 75 S.Ct. 52, 99 L.Ed. 653 (1954). Further, it is not controlling that plaintiff's medical witnesses are in New York. Harwich v. Atlantic Coast Line R. R., 129 F.Supp. 558 (D. Mass.1958). Nor is it controlling that the accident occurred outside the forum and will require the application of the law of a foreign jurisdiction. Mills v. Colgate-Palmolive Co., supra. What matters, rather, is the balance of convenience.

Here, defendant has failed to show that the balance of convenience weighs so heavily in its favor to overcome the substantial weight to be given to plaintiff's choice of forum. Defendant lists an address in New York as its office. Plaintiff has stated his intention to call the witnesses to the accident at trial and their willingness to come to New York City. In fact, plaintiff's attorney in his affidavit states that he made arrangements for the occupants of the car in which plaintiff was riding to be deposed in New York on two separate occasions, but that those efforts were unavailing since defendant's attorney had no attorney available to attend the depositions on those days. It appears, furthermore, the plaintiff's medical witnesses who are busy, New York physicians will be greatly inconvenienced if they have to go to West Virginia to testify.

I foresee no difficulty in having a jury in this district decide the facts in this case or in having a judge sitting in this district apply the negligence law of West Virginia.

Motion for transfer denied.

Settle order on notice.