## CHARLESTON.

HERMAN VENABLE, *an Infant, Etc., v.* GULF TAXI LINE

(No. 6029)

Submitted January 31, 1928.    Decided February 7, 1928.

1. PROCESS—*Process Tested July 6, Returnable on First Tues-day in July "Next," Held Not Void or Voidable; Defendant Having Three Days to Appear.*

   The process in this case tested on July 6, 1926, and made returnable "on the first Tuesday in the month of July, 1926, *next"* is not void nor voidable. Tuesday, July 6, 1926, being a rule day and giving defendant that day and the two follow-ing days as rule days to make his appearance, and the de-fendant's motion to quash, his plea in abatement and motion to arrest the judgment were properly overruled.    (p. 158.)

   (Process, 32 Cyc. p. 434.)

2. TRIAL—*Instruction, if Jury Found for Plaintiff, They Should Consider Evidence of Health and Condition Before and After Injury Held Sufficiently Hypothetical.*

   An instruction for plaintiff telling the jury that if from the evidence they should find for the plaintiff which meant, of course, find that he was injured as alleged and not contro-verted in this case, they should take into consideration all the evidence, facts and circumstances as to his health and condition before and after the injury, was sufficiently hypo-thetical in form as to fairly submit the questions of fact to the jury.    (p. 159.)

   (Trial, 38 Cyc. p. 1634.)

3. DAMAGES—*Declaration and Proof Showing Bruises and Loss of Eye Justified Instruction on Right to Consider Injury to Health as Element of Damage.*

   The declaration and the proof being that plaintiff was bruised, sustained the loss of one of his eyes and was other-wise injured, justified the instruction giving the jury the

right to take into consideration "injury to health as an element of damages." By such injuries the plaintiff clearly established the impairment of his health, justifying the charge. (p. 160.)

(Damages, 17 C. J. § 367.)

4.  CARRIERS—*Carrier Owes to Passenger Duty of Utmost Care and Diligence Compatible With Practical Operation of Vehicle; Carrier Interposing no Justification for Gross Negligence Omission From Instruction That Passenger Was Entitled to Utmost Care Compatible With Practical Operation Was Not Error.*

While it is true that a passenger is entitled at the hands of the carrier or its agent to the utmost care and diligence *compatible with the practicable operation of the vehicle,* and an instruction should more properly be so limited; nevertheless omitting the words italicized, where the defendant's pleadings and evidence interposed no justification for the gross negligence of the carrier shown, the omission of the words of limitation will not render the instruction erroneous. (p. 162.)

(Carriers, 10 C. J. §§ 1297, 1474.)

5.  SAME—*Where Injury to Passenger Prima Facie Imputed Negligence, Refusal of Instruction That no Presumption of Negligence Arose From Fact of Injury Was Justified; Presumption of Due Care of Traveler at Railroad Crossing Because His Safety is Involved is Not Applicable to Carrier and Passenger.*

Where the injuries sustained by a passenger are such that they were not likely to have occurred but for the gross negligence of the carrier, the fact of the injuries will *prima facie* impute negligence to the carrier justifying the court in refusing to instruct the jury that no presumption of negligence may arise from the bare fact of the injury. The rule applicable to travelers at a railroad crossing is not applicable to cases of carrier and passenger. (p. 163.)

(Carriers, 10 C. J. §§ 1426, 1475.)

6.  SAME—*Instruction That Passenger is Presumed to Have Taken Risks Incidental to Automobile Traveling Was Properly Modified by Words "Careful and Prudent Operation Over Road He Traveled."*

An instruction proposed by the defendant that plaintiff, as a matter of law, was presumed to have taken upon himself all risks necessarily incident to automobile traveling was properly modified by "careful and prudent operation and

transportation over the road on which he was traveling," for a passenger assumes only such risks as are thereby incurred. (p. 164.)

(Carriers,' 10 C. J. § 1475.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Raleigh County.

Action by Herman Venable, an infant, etc., against the Gulf Taxi Line. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*File, Goldsmith & Scherer,* for plaintiff in error.

*Ashworth & Ashworth* and *Warren Thornhill, Jr.,* for defendant in error.

MILLER, PRESIDENT:

There was a verdict and judgment in this case in favor of the plaintiff for $5,000.00 for personal injuries sustained while a passenger upon the defendant's motor car, being the result of a second trial, the jury having disagreed on the first.

The first question presented relates to the validity of the original process summoning the defendant to answer. The defendant sought to raise this question, first, by motion to quash, second by plea in abatement, and third, and finally, by a motion in arrest of judgment. All these proceedings were predicated upon the same question—the supposed invalidity of the process.

The process was tested on the 6th day of July, 1926, which was a Tuesday, and was made returnable "at rules to be held in the clerk's office of said court on the first Tuesday in July, 1926, next." The declaration was filed on Tuesday, July 6, 1926. No appearance was made by the defendant until on Wednesday, September 1, 1926, at which time its motion to quash the summons as defective was first entered in court. The contention then made by the defendant, as shown by the order of the court was that rules to be held in the clerk's office of said court on the first Tuesday in the month of July, 1926, *next*, made it returnable by proper interpretation on Tuesday, the 13th day of July, which was not a rule day,

and as indicated this was the same contention sought to be pleaded in the plea in abatement and in the motion in arrest of judgment. In our opinion the rulings of the court in overruling the motion to quash, in refusing to allow the plea in abatement to be filed, and in overruling the motion in arrest of judgment were correct and should be affirmed.

It was many years ago decided here that process to commence a civil action returnable to the first Monday in a month as a rule day may be dated, issued and executed on the return day. *Spragins* v. *W. Va. C. & P. Ry. Co.,* 35 W. Va. 139. Tuesday, July 6, 1926, was a rule day, and the fact that the return was tested and made returnable on the same day would not render it void nor even voidable according to the decision just referred to and a proper construction of the writ. It is contended, however, that the word "next" following the words "first Tuesday in July, 1926" changes the effect of this writ. We do not think it does. The first Tuesday in July, 1926, could not possibly happen except upon that very day. It certainly could not be construed as Tuesday, July 13, 1926, as defendant's counsel contends. Practically the same question was presented in *Town of Point Pleasant* v. *Greenlee,* 63 W. Va. 207. The questions raised in that case were presented after a default judgment. There the writ was tested on the 1st of August and made returnable on the first Monday in August next. The Court held the writ not to be absolutely void since when read in the light of the law as to issuance and return of process, the error was self-correcting, as it appeared that the first Monday of the month therein mentioned was intended. In response to the contention that the writ was void or voidable, it was said: "We can not say it is void because it can consistently be said to relate, in reasonable and practical construction, to the first Monday in August on which it was isued, and to the two days following that Monday."

The court below having by its rulings construed the writ as valid and not void or voidable, we are not disposed to reverse it.

The other questions fairly arising on the record involve only the correctness of the instructions to the jury given and

refused. At the instance of the plaintiff, objected to by the
defendant, the court gave plaintiff's instructions No. 1 and
No. 2. By No. 1 the jury were told that if from the evidence
they should find for the plaintiff, they should take into con-
sideration all the evidence, facts and circumstances in the
case as to the health and condition of the plaintiff before the
injury as compared with his then condition in consequence
of his injuries, and whether said injury is in its nature per-
manent, how far the same was calculated to disable him
after he became twenty-one years of age from engaging in
those pursuits of employments which in the absence of his
injury he might have qualified, and also the mental and phy-
sical pain and suffering, if any, to which he has been sub-
jected by reason of said injuries, the amount, if any, of any
facial or bodily disfigurement to plaintiff's person and injury
to his health, and to allow such damages as in the opinion of
the jury will be his fair and just compensation, not to exceed
the sum sued for. The main objection to this instruction
seems to be that the usual hypothetical form was not observed,
and did not require the jury to first find the facts of the in-
jury complained of, but the reasonable construction of the
charge is that if they find from the evidence that the plaintiff
had been injured as he complained, then they should take
into consideration and determine the damages from all the
facts and circumstances shown in the evidence and the result
which might follow. The evidence showed that he had been
bruised, and one of his eyes put out, had suffered great an-
guish and pain as a result of these injuries, and certainly the
jury could not have been misled by anything said to them in
this instruction. Another objection to it is that it permitted
the jury to take into consideration "Injury to his health"
as an element of damages, which they say is not fairly cov-
ered by the declaration nor by the bill of particulars de-
manded by the defendant and filed by the plaintiff. During
the progress of the trial plaintiff was permitted to amend his·
declaration by striking out at the end of each count thereof
"and was compelled to incur great expenses of surgical and
medical and hospital treatment, and has been and still is pre-
vented from following his usual occupation"; and by insert-

ing in lieu thereof the words "and will be, after he becomes twenty-one years of age, prevented from following his usual occupation". This was evidently to meet the objection that the surgical and medical and hospital expense, he being under the age of twenty-one years, were those of his parent and not of his own contraction. The bill of particulars called for specified "temporary injury to his chest by reason of being thrown violently against the front seat of the car, damages done to left eye by pieces of glass striking it, resulting in permanent loss of vision, the removal of the eye ball, and the mental and physical pain and suffering resulting therefrom, right eye weakened and causing pain." These particulars were, in fact, covered by the declaration also and nothing much was added to what was already in the pleading; but the contention is that there is not included therein any notice of damages claimed by impairment of health and they say also that there was no evidence of impairment of health. The holding of this Court in *Miller* v. *United Fuel Gas Co.,* 88 W. Va. 82, point 6 of the syllabus, that in the absence of evidence reasonably tending to establish permanent injury of the plaintiff or the probability of future pecuniary loss resulting therefrom, an instruction including such elements among those proper to be considered by the jury in determining its verdict is erroneous. How may one's health be impaired? There is plenty of *allegata* and *probata* in this case to justify the verdict of the jury. To be bruised and maimed, to lose one's eye, and to suffer pain and anguish, as is shown to have been sustained by plaintiff in this case, as a result of the unquestionable negligence of the defendant, is to be impaired in one's health. As counsel very well argue by their reference to the definitions given in the books, health means the "state of being hale, sound or whole in body, mind or soul, well being". To have lost one eye, one could not be sound in health, nor whole in body. Such a defect would naturally impair one's usefulness, his chances of livelihood, his ability to enjoy life as before the loss of his member, so that in our opinion the court committed no error in the conclusion of this element in the instruction. Of course we recognize the rule well established by the case just cited and other cases referred to

by counsel, that instructions can not introduce into a case questions of basic importance not founded on the evidence submitted nor covered by the pleadings, but such a case we do not think is presented here.

By the second instruction of plaintiff in effect the jury were told that if the defendant and the plaintiff stood in the relationship of passenger and carrier for hire at the time of the injury, then the defendant owed the plaintiff "the utmost care, diligence and foresight in the operation and management of its automobile in which he was riding, and if they believed from the evidence that on the occasion in question the defendant by its said driver was driving its automobile in which plaintiff was riding at the curve where the accident occurred at a greater rate of speed than the utmost care and diligence and foresight would require for the safety of the plaintiff, and that he was injured as a result of the driving at said rate of speed, they should find for the plaintiff." The objection to this instruction is that it calls for the utmost care and diligence, etc., and not such care as was "compatible with the practical operation of the car"; that these words properly define the degree of care. It is also objected that this instruction makes no mention of any injury to the plaintiff, while concluding with the words, "injured as aforesaid as a result of driving at said rate of speed." There is no mention of any injury in the previous part of this instruction, but "as aforesaid" evidently was intended to refer back to the other instruction, which does describe the injury, and the jury undoubtedly so understood. As to the objection to the requirement of the "utmost degree of care," we decided in *Brogan* v. *Traction Co.*, 76 W. Va. 698, that the words "highest degree of care", and "utmost degree of care", have substantially the same meaning, and generally it is true that where carriers or their agents have numerous duties to perform that require their attention, utmost degree of care required necessarily implies such as may be compatible with the practical operation of the car. In this case the defendant's driver admitted gross negligence. No excuse of palliation was offered, nor was anything suggested to show that his driving off the road into the ditch and against the posts was a result of his atten-

tion to other requirements in the operation of the car. His whole duty was to keep in the road, avoid collision with oth-. ers, and carry the plaintiff safely to his destination. If any such defense had been interposed, there might have been something on which the omitted words could feed, but here there was nothing, and nothing was offered, and so far as the record shows, there was no objection to the instruction on this ground. The objection was general only, and we are not disposed to find error in this omission of the words "compatible with the practical operation of the car".

Defendant's instruction No. 1 as prayed for was intended to tell the jury that "no presumption of negligence arises against the defendant upon proof that the plaintiff was injured while riding as a passenger in defendant's automobile", and that before they would be warranted in finding a verdict for any sum in favor of the plaintiff, the burden was upon him to prove by preponderance of the evidence that the plaintiff's injuries were the result of the negligence of the defendant". The court struck out the first part of this instruction as not being correct in law, none of the facts and circumstances being covered, not necessarily implied thereby; and that the bare fact of the injury without any of the circumstances and conditions under which the injury occurred would not impute negligence to the defendant. He was unwilling to state the proposition so broadly as requested as applicable to the case before the jury. We think the modification was proper, and there was no error in the modification.

It was argued by counsel supporting the proposition that this was not a case for the application of *res ipsa loquitur* implied in the part of the instruction omitted, and among other cases we are cited to *Keyser Canning Co.* v. *Klots Throwing Co.,* 94 W. Va. 346, syl. pt. 3. That was not a carrier and passenger case, but a suit for damages for negligence of defendant in allowing fire to be communicated to his own building, and then to plaintiff's property, destroying it also. There, of course, defendant's negligence and the facts constituting it had to be alleged and proven as alleged. In this case of passenger and carrier if the injuries inflicted were such as but for the negligence of the carrier were not liable

to occur, the injury prima facie imputed negligence on the part of the carrier. Such was the case of *Richardson* v. *Portland Trackless Car Co.*, 233 Pac. 540, and cases cited. Such is the case we have here.

But it is argued that the presumption of due care is in favor of the driver of the car, because his own safety was involved, a rule applied in railroad crossing cases, one of which is cited by counsel. *U. S. Director General of R. R.* v. *Zanzeger*, 269 Fed. 552, syl. pt. 2. All the other cases cited and relied on are of the same kind. Of course the rule in that class of cases can have little if any application to cases involving the rights of passengers.

Defendant's instruction No. 3 as prayed for would have told the jury that defendant was not an insurer of the safety of the plaintiff while traveling in its automobile as a passenger, and that plaintiff as a matter of law was presumed to have taken upon himself all the risks necessarily incident to automobile traveling over the road on which he was traveling at the time of his alleged injury, and that if the jury believe from the evidence, that without the fault of the defendant but by inevitable accident the plaintiff was injured, the jury should find for the defendant. As modified and given the instruction more properly told the jury that the defendant was not an insurer of the safety of the plaintiff while traveling in its automobile as a passenger, and that the plaintiff as a matter of law was presumed to have taken upon himself all the risks necessarily incident to automobile traveling "*by careful and prudent operation and transportation*" over the road on which he was traveling in the automobile at the time of the alleged injury, and if the jury believed from the evidence that without the fault of the defendant but by inevitable accident arising from causes beyond the control of the defendant plaintiff was injured, the jury should find for the defendant. This, we think, was a better statement of the law applicable to the case.

It is true that this instruction seems to have been copied from one of the long list of instructions given in *Fisher* v. *W. Va. & P. R. Co.*, 42 W. Va. 193, and had the passing approval of the court, but while it may have substantially stated

the law applicable to that case, the modification of the defendant's instruction in this case, we think, more clearly defined the law and that applicable here, and no reversible error at least appears. Certainly a passenger who submits himself to the care of the carrier for hire is entitled to care and prudence in the operation of the vehicle which is carrying him. We find no error in the record justifying the reversal of the judgment, and it will be affirmed.

*Affirmed.*