GEORGE R. KOON *v.* MONONGAHELA WEST PENN PUBLIC
SERVICE COMPANY

(No. 8518)

Submitted May 12, 1937. Decided June 15, 1937.

*Steptoe & Johnson* and *Chesney M. Carney,* for plaintiff in error.

*Charles C. Scott* and *Aaron Winer,* for defendant in error.

Fox, Judge:

The Monongahela West Penn Public Service Company complains of a judgment of the circuit court of Harrison County, entered on the verdict of a jury, in favor of George R. Koon, for alleged injuries sustained by him in a collision between a street car owned by the company and a motor truck operated by a third person, not a party to this action. The salient facts controlling the case are as follows.

The accident occurred in the early morning of March 10, 1934. The plaintiff, Koon, boarded defendant's street car at a point on West Pike Street, in the City of Clarksburg, and rode on the front platform of the street car, holding to a post behind the motorman, and was standing in the front part of the car at the time of the accident. He explains this fact by the statement that he gave the motorman a fifty-cent piece in payment of his fare and was waiting for his change, but there is some dispute on this point. The accident occurred in front of a garage of the American Transfer Company, which occupies a lot on the northerly or left side of a car going in an easterly direction, and a short distance west of the intersection of Pike street and Main street in said city. The truck involved in the accident was being backed out of the garage into the street. The plaintiff states that the motorman did not reduce the speed of the street car; that when the street car was some sixty feet from the truck, the attention of the motorman was called to it by

the plaintiff; that the motorman then apparently became confused and turned off his power, and immediately turned it on again and continued in his course at approximately the same speed; that the motor truck continued to back out and did not stop at any time. On the other hand, the motorman testifies that he saw the truck when it was some seventy to eighty feet ahead; that he observed it backing out into his left side of the street; that when he saw the truck, he reduced the speed of his car, and that when the street car was twenty-five or thirty feet away, the truck stopped, and that he proceeded cautiously; that when the street car was almost opposite the truck it backed into the left front of the car, and that the distance between the street car and the truck was not more than from five to eight feet when he observed that there was going to be a collision. He testifies that he applied the emergency brakes when the truck started to back into the car's left front end. The conflicting statements of the plaintiff and the motorman are each substantiated by witnesses introduced on behalf of the plaintiff and the defendant, creating a conflict of testimony which cannot be reconciled. The testimony shows that there was nothing to obstruct the view of the motorman; that the street where the accident occurred is practically level. There is some contradiction as to whether the street car ran into the truck or the truck backed into the street car, but the contentions on this point are not considered of vital importance. The plaintiff claims to have been seriously injured as a result of this collision, contending that he was thrown against the control box of the street car. The poor physical condition of the plaintiff at the time of the accident is shown by all the testimony, it appearing that he has suffered from hernias for more than twenty-five years, having been operated on for this trouble in 1908 and in 1912. It also appears that he fell down the steps of his store in July, 1930, greatly aggravating his condition; that since 1931, he has had a brain tumor, affecting his mental condition, and has no feeling on his right side; that since that time, and up to the date of the accident,

his condition had gradually grown worse. There is no serious controversy over his physical and mental condition of the plaintiff, but he contends that the accident, referred to in the testimony, greatly aggravated his condition, and has rendered him more uncomfortable than before the accident.

It further appears that at the time of plaintiff's injuries in 1930, he was the holder of a policy of insurance, under which he claimed to be entitled to collect accident benefits. In September, 1934, some six months after the accident in question in this case, he instituted a suit against the insurance company to collect benefits claimed to be due him on account of the injuries sustained in 1930, and in his declaration and in his testimony, stated that he was totally and permanently disabled thereby, and neither in his declaration nor in the testimony given by him on trial of the case against the insurance company, which occurred in April, 1935, did he mention the street car accident. It appears, however, that prior to the trial of the insurance company case, the plaintiff had, in March, 1935, instituted this action, and the same was therefore pending at the time of his testimony in the insurance company case.

The appellant relies upon six points of error: (1) refusal of the trial court to direct a verdict for the defendant; (2) in submitting to the jury the issue of the defendant's negligence; (3) in refusing defendant's instruction No. 1, directing a verdict in its favor; (4) that the plaintiff was estopped from maintaining his action by reason of his position in the insurance company case above mentioned; (5) the refusal of the court to give defendant's instruction No. 18; and (6) the overruling of its motion to set aside the verdict and to grant a new trial.

We think points one, two and three may be disposed of together. They all relate, in effect, to what is alleged to have been the error of the trial court in refusing to direct a verdict for the defendant, and may be treated together as having had that purpose. We do not think the court erred in refusing to direct a verdict for the de-

fendant. The testimony as to the operation of the street car, at the time of the accident, is conflicting; and a jury having passed upon this evidence, this court, following a long line of decisions which it seems unnecessary to cite, would not be warranted in disturbing its action. This is likewise true with respect to the contention made that the plaintiff was guilty of contributory negligence in standing in the front of the car, and that his negligence was the proximate cause of his injury. There is much authority for the proposition that such conduct on the part of the plaintiff might, under some circumstances, be treated as negligence contributing to the injury, but in this case, the plaintiff explains his position in the car by the fact that he was waiting for his change, and there is no showing of any request that he be seated, or protest on the part of the person in charge of the car as to his occupying that position. Whether such request or protest was necessary, we do not decide. We think, however, that, under all the circumstances, the court did not err in submitting the case to the jury. Having done so, the motion to set aside the verdict so far as it was based on the weight of the evidence, should have been overruled.

But having said this much, it does not necessarily follow that the verdict of the jury should have been sustained. Verdicts of juries are sustained on matters of fact only where proper instructions are given by the court thereon, and the question as to the refusal of the court to give defendant's instruction No. 18 remains to be considered. The instruction in question reads:

> "The court instructs the jury that the defendant was not an insurer of the safety of the plaintiff while traveling in the street car as a passenger, and that the plaintiff is presumed to have taken upon himself all the risks necessarily incident to street car traveling by careful and prudent operation and transportation at the time and place of the accident, and if you believe from the evidence that the accident occurred without any negligence on the part of the defendent, but by reason of causes beyond the control of the defendant, you should find for the defendant."

It will be observed that this instruction tells the jury (1) that the defendant was not the insurer of the safety of the plaintiff; (2) that the plaintiff was presumed to have taken upon himself certain risks of travel; and (3) that if the accident occurred without negligence on the part of the defendant, and by reason of causes beyond its control, the verdict should have been for the defendant. That part of the instruction with respect to lack of negligence was covered by other instructions given for the defendant in the case, but we have not observed that any instruction was given for the defendant which covered the matter of insurance of the safety of the plaintiff or the risks which the plaintiff assumed.

A number of cases support the theory that a carrier is not an insurer of its passengers. In *Fisher* v. *W. Va. & P. R. Company*, 39 W. Va. 366, 19 S. E. 578, 23 L. R. A. 758, it was held:

> "A railroad company as a carrier of passengers is not an insurer; but its duty is to carry them safely, using the utmost care, as far as human skill, diligence and foresight can reasonably be required to go; * * *".

Also, in *Perkins* v. *Monongahela Valley Traction Co.*, 81 W. Va. 781, 95 S. E. 797, the court said:

> "They are not insurers against accident or injury to passengers while in their charge, but they are under obligation to do everything which human diligence and foresight would dictate to secure the safety of such passengers."

And in *Venable* v. *Gulf Taxi Line*, 105 W. Va. 156, 141 S. E. 622, the court held:

> "An instruction proposed by the defendant that plaintiff, as a matter of law, was presumed to have taken upon himself all risks necessarily incident to automobile traveling, was properly modified by 'careful and prudent operation and transportation over the road on which he was traveling,' for a passenger assumes only such risks as are thereby incurred."

To the same effect is *Kennedy* v. *Chesapeake & Ohio Railway Company*, 68 W. Va. 589, 70 S. E. 359:

> "A passenger on a railway carriage does not assume the risks due to the negligence of trainmen in making couplings, * * *".

The rule is that a passenger assumes the risk of traveling, where the carrier has done everything which human diligence and foresight would dictate as necessary to secure the safety of its passengers, and the instruction in question covered this requirement as to diligence and foresight when it stated that the plaintiff was presumed to have taken upon himself all the risks necessarily incident to street car traveling by careful and prudent operation and transportation at the time and place of the accident. This instruction follows very closely the instruction given in the case of *Venable* v. *Taxi Line, supra.* In that case the instruction which this court approved was in the following language:

> "The court instructs the jury that the defendant was not an insurer of the safety of the plaintiff while traveling in its automobile as a passenger and that the plaintiff as a matter of law is presumed to have taken upon himself all the risk necessarily incident to automobile traveling *by careful and prudent operation and transportation* over the road on which he was traveling in the automobile at the time of alleged injury and if the jury believes from the evidence that without the fault of the defendant but by inevitable accident *arising from causes beyond the control of the defendant* plaintiff was injured the jury should find for the defendant."

The words italicized are the additions which the trial court made to the instruction as originally offered, and it was this modification to the instruction which this court said was not reversible error, and which it also said was a better statement of law, applicable to that case, than the instruction as originally offered. The ob-

jection to the instruction was on account of the modification, and came from the defendant.

Further complaint is made with respect to instruction No. 18 in that it omits any reference to inevitable accident, covered by the instruction in the *Fisher* and *Venable* cases. We are unable to see that this omission renders the instruction bad. While reference to an inevitable accident is made in the *Fisher* and *Venable* cases, and while such reference may have been proper as applied to those cases, we see no reason why it was necessarily required in this case. Support for this view is afforded by the memorandum of the trial judge, who, in refusing defendant's instruction No. 7, states that there was no warrant for the expression "unavoidable accident". If by reason of the character of the testimony, or otherwise, the use of such expression was not warranted in instruction No. 7, it can hardly be said that the use of the substantially equivalent term, "inevitable accident", was required in instruction No. 18, offered in the same case. Aside from this, the cause beyond the control of a defendant, which may result in an accident, and which might relieve him from liability for such accident, need not necessarily be inevitable. Where a defendant is not negligent and an accident occurs, through agencies entirely beyond his control, it is not important whether that accident occurs through an accident that was inevitable or whether it occurred through an accident that might have been avoided, if the guilty party had been more alert, or disposed to avoid the same. The primary purpose of instruction No. 18 was to advise the jury that the defendant was not an insurer of the safety of the plaintiff and that the plaintiff was presumed to have taken certain risks of travel where the street car was being carefully and prudently operated. We think the defendant was entitled to this instruction; that the refusal to give it was error; and that by reason thereof, the motion to set aside the verdict should have been sustained. This disposes of points of error five and six.

The defendant contends that the plaintiff was estopped from maintaining his action by reason of alleged in-

consistent actions on his part in a suit instituted by him to recover insurance benefits arising from the injuries sustained in 1930. We do not think this position can be maintained. While it is true that "a party will not be permitted to assume successive inconsistent positions in the course of a suit or a series of suits in reference to the same fact or state of facts", *McDonald* v. *Long*, 100 W. Va. 551, 131 S. E. 252; and "a party to a suit may not assume inconsistent positions therein", *Clay County Bank* v. *Wilson*, 109 W. Va. 684, 158 S. E. 517, the alleged inconsistent positions of the plaintiff were not taken in the same suit or in a series of suits based on the same cause of action, but in cases based on entirely different grounds, against different defendants, and widely separated as to time. In his action on the insurance policy, plaintiff was attempting to recover benefits which he contended began to accrue long before the date of the accident on which this case is founded, and necessarily he was compelled to base his claim on the first injury, and was not compelled to rely on both. We see no inconsistency in the action of the plaintiff in prosecuting his suit against a third party for injuries sustained in 1930, in which he contended that he was totally and permanently disabled, within the terms of the policy upon which that suit was based, and also prosecuting this suit for his alleged later injuries. He might well have been so disabled on account of the 1930 injuries, within the terms of his policy, and entitled to recover therefor, and still be entitled to recover damages for the additional injuries sustained through the accident which is the subject of this action. The extent of the injuries sustained in the later accident, whether confined to aggravation of his former injury, or otherwise, was and is a question for the jury, as the case may be developed on a new trial.

It results that the judgment of the circuit court is reversed and the case remanded for a new trial.

*Reversed and remanded.*

Upon Petition for Rehearing:

The plaintiff, in his petition for rehearing, strongly urges that the refusal of Instruction No. 18, offered by

the defendant, was justified, because the court below did not instruct the jury on the extent and nature of the duty of the carrier to provide for the safety of its passengers. A properly worded instruction defining such duty should have been given. The carrier is bound to a high degree of care. *Bennett* v. *Bartlett*, 110 W. Va. 478, 158 S. E. 712, and of the care required the jury should have been advised; but the failure to so instruct the jury at the instance of the plaintiff cannot be held to have deprived the defendant of the right to an instruction that it is not an insurer of the safety of a passenger where its instrumentalities are operated in a careful and prudent manner and there is no negligence. Instruction No. 18 did nothing more, and should have been given.