324 S.E.2d 361

**Fernando CHAVES, et al.**

v.

**BLUE RIDGE ACRES, INC.**

**No. 15969.**

Supreme Court of Appeals of West Virginia.

Dec. 19, 1984.

---

Robert R. Skinner, Charles Town, for appellant.

Sprague W. Hazard, Steptoe & Johnson, Charleston, for appellee.

PER CURIAM:

Appellants, Fernando and Lucile Chaves, who built a vacation and eventual retirement home on a lot they purchased from the appellee, Blue Ridge Acres, Inc., in a developing subdivision in Jefferson County, thereafter instituted this civil action seeking a mandatory injunction requiring the appellee to improve and maintain roads within the subdivision and to eliminate surface water flooding of their property. The complaint alleged that when they bought the property, appellee's agents represented that the corporation would construct and maintain a road to the property and would install and maintain ditches, culverts, and other drains to control surface water drainage, and that the appellee failed to live up to these promises, causing flood damage to their home and decreasing the value of their investment. Appellants sought damages, with interest and costs.

The case was tried to the trial court judge with the assistance of an advisory

jury. The trial judge, based on the jury's verdict and answers to special interrogatories, found that the appellee had generally fulfilled its contractual obligations concerning road maintenance; that the appellee had a duty to provide reasonable snow removal services as part of its contractual duty to maintain roads within the subdivision; and that the alleged damages resulting from surface water flooding was caused by the equal fault or negligence of the parties and thus appellants were not entitled to any damage award under our comparative negligence rule announced in Syllabus Point 3 of *Bradley v. Appalachian Power Co.*, 163 W.Va. 332, 256 S.E.2d 879 (1979). The court entered a judgment for costs against the appellants. After mature consideration of appellants' assignments of error, we reverse the trial court's judgment awarding costs to the appellee but affirm its judgment in all other respects.

■ Appellants ardently contend that the trial court erred in charging the jury, rather than giving the instructions they offered. We disagree. The jury was empaneled in only an advisory capacity. In any event, trial courts have long been authorized by W.Va.Code, 56–6–19 to give an orderly and connected charge to the jury, rather than giving the instructions as offered by the parties. A trial court does not commit error in instructing the jury on the law governing a case, if its charge incorporates the substance of all proper instructions tendered by the parties. Syllabus Point 1, *McMillen v. Dettore*, 161 W.Va. 346, 242 S.E.2d 459 (1978). The court's charge in this case satisfies this standard. To the extent appellee's proffered instructions correctly stated the applicable law, they were adequately covered by the court's charge.

■ We find no error in the trial court's legal determination that the appellee's duty as to road construction and maintenance was governed by the language of the sales contract between the parties and that the contract was not subject to modification by parol evidence. Nor did the trial court commit an error of law in concluding that the doctrine of comparative negligence

was applicable to the particular facts of this case. If any error was committed in the proceedings below, it was completely harmless and provides no basis for reversal.

The trial court found as fact that the appellants knowingly constructed their house in a flood plain area adjacent to a stream draining surface land lying above their property; that expert testimony indicated that a structure of the type erected by the appellants would be subject to flooding no matter where located on their lot because the nearby mountain stream bed was incapable of handling the water flow during periods of excess rain; that the stream bed simply could not accommodate the waterflow, whether or not drain culverts were in place. Appellants were well aware of the potential for periodic flooding when the home was constructed, but did not build it on an elevated foundation or employ other safeguards against flood water damage.

■ The advisory jury found and the trial court concurred that the parties were equally at fault in creating the unfortunate situation. We will not interfere with a trial court's findings of fact unless they are clearly wrong. Syllabus Point 3, *Munday v. Arcuri*, 165 W.Va. 128, 267 S.E.2d 454 (1980), succinctly states this bedrock principle of appellate review as follows:

> "The findings of fact of a trial court are entitled to peculiar weight upon appeal and will not be reversed unless they are plainly wrong." *Mahoney v. Walter*, 157 W.Va. 882, 205 S.E.2d 692 (1974), Syllabus Point 6.

*See also*, Syllabus Point 8, *Sanders v. Roselawn Memorial Gardens*, 152 W.Va. 91, 159 S.E.2d 784 (1969).

■ We must conclude, however, that the trial court abused its discretion in entering judgment against the appellants for costs. The appellants, having prevailed on a part of their breach of contract claim, should have been, as a matter of course, granted a judgment for costs. *See* R.C.P. 54(d); W.Va.Code, 59–2–8. 6 *Moore's Federal Practice* ¶ 54.70[4] (1983); Wright and Miller, *Federal Practice and Procedure: Civil 2d* § 2667 (1983). The advisory jury

found that the appellee had a duty to provide reasonable snow removal services as a part of its contractual commitment to maintain the roads within the subdivision. The trial court, agreeing with this construction of the contract, entered a supplemental order directing the appellee to remove snow from the main drive in the subdivision, as well as the road leading to appellants' residence, within eight hours after appellants gave notice of their intent to stay at their residence. The court ordered the appellee to use all reasonable efforts, including the use of gravel chips, salt, and chemicals to remove ice and to prevent the development of ice, to ensure appellants reasonable access to their home. Appellants should have been awarded their costs.

In accordance with what we have said herein, the judgment of the Circuit Court of Jefferson County is reversed and set aside insofar as it awarded costs to the appellees, and the case is remanded for the entry of a judgment awarding costs to the appellants.

Reversed and remanded.