331 S.E.2d 842

**Robert David JONES**

v.

**William H. PERRINE, Roles Transport Inc., dba City Cab, and Arby B. Smith.**

**No. 16380.**

Supreme Court of Appeals of West Virginia.

March 22, 1985.

Rehearing Denied June 11, 1985.

Robert S. Jacobson, Lewisburg, for appellant.

Jesse O. Guills, Jr., Lewisburg, for Wm. Perrine.

Robert N. File, Beckley, for Roles Transport & Arby Smith.

## PER CURIAM:

The appellant, Robert David Jones, appeals from the denial of his motion for a new trial by the Circuit Court of Greenbrier County. He maintains that the trial court erred by deleting language in two of his proposed instructions referring to the "slightest negligence" standard and by striking a portion of the deposition testimony of one of his physicians.* Following a brief recitation of the largely uncontroverted facts involved, we will address each of these assignments of error.

### I

On a rainy April 15, 1980, after consuming his lunch, including an unspecified quantity of beer, the appellant telephoned appellee City Cab to secure transportation to his apartment at a building owned by appellee William H. Perrine. A taxicab, driven by appellee Arby B. Smith, arrived a short time later. Although it was uncontroverted at trial that the appellant had been drinking, his level of intoxication was disputed. In any case, as the appellant was exiting the vehicle after its arrival at his apartment building, he slipped and fell on an oil deposit apparently left by vehicles that parked on the building's parking lot. As the result of this fall, the appellant sustained a fractured skull and a large epidural hematoma. Although he was able to return to work in October 1980, following emergency neurosurgery and a parietal

---

* The appellant also assigns two errors not raised in his original motion for a new trial, but contained in a document entitled, "Supplemental Grounds for the Motion for a New Trial," filed sixty-one days after expiration of the mandatory ten day period for serving motions for a new trial under Rule 59(b) of the Rules of Civil Procedure. We note that, as a general rule, an amendment to a timely motion for a new trial that raises additional grounds not contained in the original motion is impermissible. *See* Annot., 69 A.L.R.3d 845, § 6 (1976). Although there are various extraordinary circumstances that might conceivably permit departure from this general rule, *see, e.g.,* 69 A.L.R.3d 845, at §§ 7, 8, 9, and 10, the appellant fails to identify, and we are unable to ascertain from the sparse record before us, the existence of any of these circumstances in the instant case. Accordingly, we decline to address these two assignments, which were not contained in the appellant's original timely motion. Furthermore, finding no error in the appellant's remaining assignments, we need not address his final assignment of cumulative error.

craniotomy, the evidence indicated that he suffers from permanent brain damage and periodic seizures.

On December 16, 1983, following a four day trial, the jury returned a verdict in favor of the appellees. Judgment was entered on the jury's verdict on January 17, 1984. On January 19, 1984, the appellant filed a motion for a new trial. A hearing on the appellant's motion for a new trial was heard on February 24, 1984. On March 28, 1984, supplemental grounds for the appellant's motion for a new trial were filed. The next day, on March 29, 1984, the trial court entered an order denying the appellant's motion for a new trial.

## II

The appellant's first assignment of error involves the modification of his proffered instructions. The appellant's proposed instruction number two provided, in pertinent part, that:

The Court instructs the jury that it was the duty of the Defendant, Roles Transportation Inc., as a common carrier ... to use the highest degree of care for [the appellant's] safety known to human care, prudence and foresight, and is liable for the slightest negligence against which human care and foresight might have guarded.

The appellant's proposed instruction number three provided, in pertinent part, that:

The Court further instructs the jury that Roles Transportation Inc. as a common carrier has the duty to use the utmost care, diligence and foresight to protect passengers when boarding, riding in and alighting from its automobile and is therefore liable if negligent in the slightest degree.

The court, however, deleted the references to "slightest negligence" in these instructions, and substituted "failure to exercise the highest degree of care" language. The first instruction then provided that:

The Court instructs the jury that it was the duty of the Defendant, Roles Transport Inc., as a common carrier ... to use the highest degree of care for [the appellant's] safety known to human care,

prudence and foresight, and is liable for the failure to exercise the highest degree of care which human care and foresight might have guarded.

The second instruction was also modified to provide that:

The Court further instructs the jury that Roles Transport Inc. as a common carrier has the duty to use the utmost care, diligence and foresight to protect passengers when boarding, riding in and alighting from its automobile and is therefore liable if negligent by failing to exercise the high degree of care imposed upon a common carrier.

As the appellant correctly notes, this Court explicitly approved an instruction in *Isabella v. West Virginia Transportation Co.*, 132 W.Va. 85, 88, 51 S.E.2d 318, 320 (1949), *overruled on other grounds*, Syl. pt. 6, *State v. Bragg*, 140 W.Va. 585, 87 S.E.2d 689 (1955), which provided, in pertinent part, that "the law ... holds public carriers ... liable for the slightest negligence ...." This "slightest negligence" standard has also been applied in several other common carrier tort actions in this jurisdiction. *See Perkins v. Monongahela Valley Traction Co.*, 81 W.Va. 781, 786, 95 S.E. 797, 799 (1918); Syl. pt. 2, *Bartley v. Western Maryland Ry. Co.*, 81 W.Va. 795, 95 S.E. 443 (1918); *Brogan v. Union Traction Co.*, 76 W.Va. 698, 709, 86 S.E. 753, 757 (1915); Syl. pt. 1, *Kennedy v. Chesapeake & O.Ry. Co.*, 68 W.Va. 589, 70 S.E. 359 (1911); *Farley v. Norfolk & W. Ry. Co.*, 67 W.Va. 350, 355, 67 S.E. 1116, 1118 (1910); Syl. pt. 3, *Searle's Adm'r v. Kanawha & O. Ry. Co.*, 32 W.Va. 370, 9 S.E. 248 (1889). On the other hand, this Court has also frequently utilized "highest degree of care" language in common carrier tort actions, often in conjunction with "slightest negligence" language. For example, in Syllabus Point 2 of *Abdulla v. Pittsburgh and Weirton Bus Co.*, 158 W.Va. 592, 213 S.E.2d 810 (1975), this Court held that, "Although a common carrier is not an insurer of its passengers' safety, where the fare-paying relationship exists, the carrier owes the passenger the duty to use the highest degree of care compatible with the prac-

tical operation of a vehicle," while holding in Syllabus Point 3 that, "A carrier of passengers cannot excuse the slightest negligence on its part ...." *See also Pritchard v. City Lines of West Virginia, Inc.*, 136 W.Va. 278, 281, 66 S.E.2d 276, 278 (1951), *overruled on other grounds, Bradley v. Appalachian Power Co.*, 163 W.Va. 332, 342 n. 16, 256 S.E.2d 879, 885 n. 16 (1979); *Isgan v. Jenkins*, 134 W.Va. 400, 404, 59 S.E.2d 689, 691 (1950); *Billy v. Powell*, 133 W.Va. 278, 286, 55 S.E.2d 889, 895 (1949); Syl. pt. 2, *Laphew v. Consolidated Bus Lines*, 133 W.Va. 291, 55 S.E.2d 881 (1949); Syl. pt. 2, *Brown v. De Marie*, 131 W.Va. 264, 46 S.E.2d 797 (1948); *Adkins v. Raleigh Transit Co.*, 127 W.Va. 131, 134, 31 S.E.2d 775, 776–77 (1944); *Gilmore v. Huntington Cab Co.*, 124 W.Va. 469, 473, 21 S.E.2d 137, 139 (1942); Syl. pt. 1, *Bennett v. Bartlett*, 110 W.Va. 478, 158 S.E. 712 (1931); Syl. pt. 4, *Venable v. Gulf Taxi Line*, 105 W.Va. 156, 141 S.E. 622 (1928); Syl. pt. 1, *Thompson v. Monongahela Ry. Co.*, 99 W.Va. 207, 128 S.E. 110 (1925); Syl. pt. 2, *Perkins v. Monongahela Valley Traction Co., supra;* Syl. pt. 2, *Bartley v. Western Maryland Ry. Co., supra;* Syl. pt. 1, *Brogan v. Union Traction Co., supra;* Syl. pt. 6, *Killmeyer v. Wheeling Traction Co.*, 72 W.Va. 148, 77 S.E. 908 (1913); Syl. pt. 1, *Kennedy v. Chesapeake & O. Ry. Co., supra;* Syl. pt. 3, *Searle's Adm'r v. Kanawha & O. Ry. Co., supra.*

■ In Syllabus Point 2 of *Parker v. Knowlton Construction Co.*, 158 W.Va. 314, 210 S.E.2d 918 (1975), this Court held that:

> Although a court is required to instruct or charge a jury on every important theory of claim or defense supported by the evidence of the case, the court is not bound thereby to charge the jury in the exact language proffered by a party's instruction. Within the constraints of fairly presenting all parties' conflicting theories, the court is authorized by Code 1931, 56–6–19 to deviate from the language of proffered instructions so as to effect an ordered and logically connected charge to the jury.

*See also Chaves v. Blue Ridge Acres, Inc.*, 174 W.Va. 218, 324 S.E.2d 361, 362 (1984); Syl. pt. 20, *Long v. City of Weirton*, 158 W.Va. 741, 214 S.E.2d 832 (1975); Syl. pt. 7, *Abdulla v. Pittsburgh and Weirton Bus Co., supra.* Although, under prior decisions in this jurisdiction, it would not have been erroneous to include the "slightest negligence" language requested, it was not erroneous for the trial court to exclude such language given the sufficiency of the "highest degree of care ... known to human care, prudence and foresight" language substituted. The court's instructions were well within the parameters of fairly presenting the appellant's theory of recovery. Therefore, we hold that under the facts of this case as presented in the limited record before us, its refusal to charge the jury in the exact language of the appellant's proffered instructions was not erroneous.

### III

■ The appellant's second assignment of error concerns the deletion of a portion of the deposition testimony of one of his physicians. When the appellant began experiencing seizures, one of his physicians, who had been deposed on a prior occasion, was again deposed concerning this new development. Although both of the physician's depositions were read to the jury, a portion of the second deposition was stricken as being cumulative. The appellant contends that this testimony was not cumulative, but was necessary for the physician to explain his change in diagnosis. In Syllabus Point 3 of *Elswick v. Charleston Transit Co.*, 128 W.Va. 241, 36 S.E.2d 419 (1945), this Court held that, "The admission of evidence merely cumulative is within the sound discretion of the trial court, and unless the court abuses such discretion, the admission or exclusion of such evidence will not constitute error." *See also* Syl. pt. 1, *West Virginia Department of Highways v. Delta Concrete Co.*, 165 W.Va. 398, 268 S.E.2d 124 (1980); *Edmiston v. Wilson*, 146 W.Va. 511, 532, 120 S.E.2d 491, 503 (1961); *Farley v. Farley*, 136 W.Va. 598, 609, 68 S.E.2d 353, 360 (1952). After a careful examination of that portion

of testimony excluded, and a thorough review of the limited record with which we are presented, we conclude that although not identical, the substance of that testimony is so remarkably similar to that given at the previous deposition as to be indistinguishable. Therefore, we find that the trial court did not abuse its discretion in excluding such testimony.

For the foregoing reasons, the circuit court's order denying appellant's motion for a new trial is affirmed.

Affirmed.