# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Dana J. Minor,**
**Plaintiff Below, Petitioner**

**vs.) No. 15-0134** (Wood County 11-C-563)

**Leslie D. Jones**
**Defendant Below, Respondent**

**FILED**

January 11, 2016
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Pro se petitioner Dana J. Minor appeals the Circuit Court of Wood County's January 21, 2015, order denying his motion for a new trial following a jury trial in this civil matter. Respondent Leslie D. Jones, by counsel David A. Mohler, Christopher L. Edwards, and Joshua A. Johnson, filed a response in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in denying his motion for a new trial because (1) insufficient evidence supported the jury's verdict; and (2) his trial counsel failed to prepare for trial, failed to object to clearly erroneous witness testimony, failed to present all relevant evidence to the jury, and lied to petitioner about the status of his appeal.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2009, while attempting to park her sport utility vehicle ("SUV") in a business establishment's parking lot in Vienna, West Virginia, respondent struck a parked truck. The parties disagree as to the severity of this accident. Petitioner was a pedestrian standing near the parked truck when the accident occurred. Petitioner claimed that respondent struck the parked truck with enough force that the truck hit him and caused injuries to his neck, his back,

---

[1]In his brief to this Court, petitioner initially lists three assignments of error containing a total of ten sub-assignments of error. However, in the argument section of his brief, petitioner discusses only two alleged errors: insufficient evidence and his trial counsel's alleged failures. In this memorandum decision, we address only those grounds sufficiently briefed by petitioner. As this Court has explained, "[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim . . . ." *State v. Kaufman*, 227 W.Va. 537, 555 n. 39, 711 S.E.2d 607, 625 n. 39 (2011) (*quoting United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir.1991)).

1

and one of his knees. Although respondent later admitted to striking the parked truck, she claimed that "it rocked up a little bit" causing only a "little . . . scratch."[2]

In December of 2011, petitioner, by his counsel Ira Haught, filed a complaint against respondent alleging that respondent's negligence in the incident in December of 2009 caused petitioner to sustain personal injuries. Thereafter, respondent filed an answer, and the parties exchanged discovery. Depositions were taken from petitioner, petitioner's wife, the responding police officer, and a chiropractor. In his brief to this Court, petitioner claims to have rejected two settlement offers in this matter due to his concern that the amounts offered would not cover his medical expenses.[3] Based on evidence later presented at trial, petitioner regularly visited several medical specialists and a chiropractor for alleged injuries related to the accident in December of 2009.[4]

In January of 2013, petitioner's jury trial commenced. At trial, the jury heard testimony from petitioner, respondent, petitioner's wife, and several medical experts who had differing opinions of petitioner's alleged injuries. Petitioner testified that he was injured when respondent's vehicle struck the parked truck that, in turn, hit him. Petitioner and his medical experts testified that he experienced pain and had continuing treatment for injuries to his neck, his back, and one of his knees. According to the testimony of his orthopedic surgeon, petitioner had a torn meniscus in one of his knees. In contrast, respondent testified that she only scratched the parked truck as she was parking her own vehicle and that the parked truck moved only slightly upon impact. Under cross-examination, she explained that she might have slid on oil immediately before the accident that became slick from a recent rain. Respondent called her own medical experts, including an orthopedic surgeon, who testified that petitioner had no injuries proximately caused by being struck by a vehicle. One of respondent's medical experts, an orthopedic surgeon, testified that no torn meniscus was visible based on his examination of petitioner's medical records. Ultimately, the jury returned a verdict for respondent, finding that respondent's negligence did not cause injury to petitioner.

In February of 2013, petitioner filed a motion for a new trial pursuant to Rule 59 of the West Virginia Rules of Civil Procedure. In that motion, petitioner argued that respondent presented "erroneous testimony" to the jury. Respondent filed a response in which she argued that petitioner's motion lacked particularity in its grounds and that no new trial was warranted in

---

[2]Petitioner asserts that a police report was created for the accident, but no police report was made a part of the record below.

[3]According to petitioner, the first settlement offer was made in September of 2010 in the amount of $14,146, and the second settlement offer was made on the first morning of trial in the amount of approximately $16,000. Petitioner states that both settlement offers were relayed to him by Mr. Haught.

[4]The exact total dollar amount of petitioner's medical expenses is unclear from the record on appeal. Although petitioner's Exhibit No. 1 at trial was a summary of his medical expenses, that exhibit is not in the appendix record.

this matter. In that appeal, petitioner claimed that from February of 2013 until February of 2014 Mr. Haught informed him that they were awaiting a hearing before the circuit court on his motion for a new trial.[5]

In April of 2014, petitioner, appearing pro se, filed a second motion for a new trial listing several "grounds" and attaching several exhibits in support. In his second motion, petitioner claimed that (1) respondent committed perjury at trial when she testified that she only scratched the parked truck in the accident, and that such perjury is supported by a report by Mr. Haught's investigator who found that the truck's owner said the damage to his truck was substantially more than a scratch; (2) Mr. Haught failed to move the admission of the police report into evidence, which would have contradicted respondent's testimony that her vehicle might have slid on oil; (3) Mr. Haught failed to move the admission of several medical reports into evidence, which would have demonstrated the severity of petitioner's knee injury; (4) petitioner's receipt from the business establishment where the accident occurred coupled with the time listed on the police report proved that he did not have time to stage an accident; (5) petitioner did not "refuse" medical transport as provided in the police report when he merely told the emergency workers that he had to escort his young child and diabetic wife home safely; and (6) Mr. Haught failed to provide petitioner or his doctors with adequate notice of the trial, which deprived them of sufficient time to prepare.

By order entered in January of 2015, following a hearing in October of 2014, the circuit court denied petitioner's motion for a new trial. The circuit court found that the jury's verdict was not against the clear weight of the evidence; that no new evidence was presented by petitioner; and that there was no basis to set aside the verdict or allow a new trial. This appeal followed.

With regard to our standard for reviewing a circuit court's ruling on a motion for a new trial, we have explained that

> [a]s a general proposition, we review a circuit court's rulings on a motion for a new trial under an abuse of discretion standard. *In re State Public Building Asbestos Litigation*, 193 W.Va. 119, 454 S.E.2d 413 (1994). . . . Thus, in reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

---

[5]In February of 2014, this Court suspended Mr. Haught's license to practice law in this State for a period of one year with additional sanctions for unrelated ethical violations. *See Lawyer Disc. Bd. v. Haught*, 233 W.Va. 185, 757 S.E.2d 609 (2014) (suspending attorney Ira Haught's law license for one year with additional sanctions for failing to keep client money in an IOLTA account and for making false statements as to an attorney-client relationship with real estate purchasers).

*Tennant v. Marion Health Care Found., Inc.*, 194 W.Va. 97, 104, 459 S.E.2d 374, 381 (1995).

On appeal, petitioner first argues that a new trial should have been granted because the evidence was not sufficient to support the jury's verdict.[6] In Syllabus Point 5 of *Orr v. Crowder*, 173 W.Va. 335, 339, 315 S.E.2d 593, 597 (1983), *cert. denied*, 469 U.S. 981 (1984), this Court held as follows:

> In determining whether there is sufficient evidence to support a jury verdict the court should: (1) consider the evidence most favorable to the prevailing party; (2) assume that all conflicts in the evidence were resolved by the jury in favor of the prevailing party; (3) assume as proved all facts which the prevailing party's evidence tends to prove; and (4) give to the prevailing party the benefit of all favorable inferences which reasonably may be drawn from the facts proved.

*See* Syl. Pt. 3, *Walker v. Monongahela Power Co.*, 147 W.Va. 825, 131 S.E.2d 736 (1963) (in determining whether evidence supports a jury's verdict, "every reasonable and legitimate inference, fairly arising from the evidence in favor of the party for whom the verdict was returned must be considered, and those facts, which the jury might properly find under the evidence, must be assumed as true."). We have also explained that

> although the circuit court does have some role in determining whether there is sufficient evidence to support a jury's verdict, it is not the role of the circuit court to substitute its credibility judgments for those of the jury or to assume the jury made certain findings because they did not believe evidence presented on other issues.

*Smith v. Cross*, 223 W.Va. 422, 430, 675 S.E.2d 898, 906 (2009) (*quoting Neely v. Belk, Inc.*, 222 W.Va. 560, 571, 668 S.E.2d 189, 199 (2008)). Furthermore,

> "'[q]uestions of negligence, due care, proximate cause and concurrent negligence present issues of fact for jury determination when the evidence pertaining to such issues is conflicting or where the facts, even though undisputed, are such that reasonable men may draw different conclusions from them.' Syl. pt.

---

[6]We note that petitioner untimely filed his second Rule 59(b) motion for a new trial. Rule 59(b) of the West Virginia Rules of Civil Procedure provides that "[a]ny motion for a new trial shall be filed not later than 10 days after entry of the judgment." The circuit court entered the underlying judgment in February of 2013, and petitioner's second motion for a new trial, which included new grounds for relief, was filed more than one year later in April of 2014. Petitioner's second motion for a new trial was well outside the ten-day filing period for motions made pursuant to Rule 59(b). This Court has explained that "as a general rule, an amendment to a timely motion for a new trial that raises additional grounds not contained in the original motion is impermissible." *Jones v. Perrine*, 175 W.Va. 111, 112 n.1, 331 S.E.2d 842, 843 n.1 (1985). To the extent petitioner relies upon the additional grounds raised for the first time in his untimely second motion for a new trial, we do not consider those grounds.

5, *Hatten v. Mason Realty Co.*, 148 W.Va. 380, 135 S.E.2d 236 (1964)." Syllabus Point 3, *Dawson v. Woodson*, 180 W.Va. 307, 376 S.E.2d 321 (1988).

Syl. Pt. 1, *Birdsell v. Monongahela Power Co., Inc.*, 181 W.Va. 223, 382 S.E.2d 60 (1989).

In this case, the parties presented conflicting testimony as to the existence and cause of petitioner's alleged injuries from the incident in December of 2009. Respondent's medical experts testified that petitioner had no injuries proximately caused by being struck by a vehicle. The jury also heard conflicting evidence regarding the force with which the parked truck was struck and whether or how much the parked truck moved as a result of that force. Contrary to petitioner's claims, respondent testified that the parked truck moved only slightly when she struck it. It was the peculiar and exclusive province of the jury to weigh the evidence and to resolve these issues of conflicting evidence. *See* Syl. Pt. 7, *Smith v. Cross*, 223 W.Va. 422, 675 S.E.2d 898 (2009) (citations omitted) (holding that "[i]t is the peculiar and exclusive province of the jury to weigh the evidence and to resolve questions of fact when the testimony is conflicting"). The jury was presented with sufficient evidence to resolve these issues in respondent's favor. The evidence presented at trial clearly supports the finding that respondent's negligence in striking the parked truck did not cause injury to petitioner. Therefore, we find no merit to this assignment of error.

Petitioner's second assignment of error is that the circuit court erred in denying his motion for a new trial due to Mr. Haught's allegedly improper representation before, during, and after trial. Specifically, petitioner claims his trial counsel failed to properly prepare for trial, failed to object to clearly erroneous witness testimony, failed to present all relevant evidence to the jury (including impeachment material of respondent's testimony) and lied to petitioner about the status of his appeal.[7] Respondent, on the other hand, argues that petitioner's counsel thoroughly and effectively represented petitioner. Assuming, however, that petitioner's counsel was ineffective, respondent contends that no precedence exists in this State for applying the criminal standard of ineffective assistance of counsel to the civil context. Instead, respondent cites case law from other jurisdictions in which courts have held that ineffective assistance in civil cases is not the basis for appeal or retrial, but rather a legal malpractice action against the subject counsel.

This Court addressed a similar argument in *First National Bank in Marlinton v. Blackhurst*, 176 W.Va. 472, 345 S.E.2d 567 (1986). In *Blackhurst*, this Court considered whether one party to a civil matter was prejudiced by her counsel's alleged violation of the West Virginia Code of Professional Responsibility for representing multiple parties with opposing interests. In deciding the issue, this Court explained as follows:

> Both parties recognize that the usual remedy for a violation of the West Virginia Code of Professional Responsibility is a disciplinary proceeding against the attorney and not a new trial. However, in some cases, when such a violation prevents a fair trial, a new trial may be appropriate. *Matter of Richard's Estate*, 4

---

[7]Petitioner states in his brief to this Court that he filed a disciplinary complaint against Mr. Haught related to these assertions.

Kan.App.2d 26, 602 P.2d 122 (1979). But counsel's misconduct must be highly egregious before another innocent litigant will be put to the expense of a new trial. [. . .] Although we realize that at some point attorney insensitivity to potential conflict problems may constitute grounds for a new trial, it is not our desire to turn the Code of Professional Responsibility into fodder for fashioning errors on appeal, and thereby inadvertently create a doctrine of "ineffectiveness of counsel" for civil litigants.

The question of whether a new trial should be granted because of the strategy of counsel rests in the discretion of the trial court, and in the absence of a clear abuse of discretion, the trial court's decision on such a question will not be reversed on appeal. *See* Syl. Pt. 5, *Toler v. Shelton*, 157 W.Va. 778, 204 S.E.2d 85 (1974). *See also Smith v. Blakey*, 213 Kan. 91, 515 P.2d 1062 (1973) (remarks of counsel are reversible error when, because of them, the parties have not had a fair trial).

*Blackhurst*, 176 W.Va. at 472, 478-79, 345 S.E.2d at 567, 574.

In this case, the circuit court denied petitioner's motion for a new trial despite his contentions regarding his counsel's alleged failures. Further, petitioner's counsel took depositions of key witnesses, presented several medical experts, and cross-examined respondent's witnesses on key points of contention. Based on the record before us, we find no abuse of discretion in the circuit court's ruling. As such, we find no merit to this assignment of error.

For the foregoing reasons, we find no error in the circuit court's January 21, 2015, order, and we hereby affirm the same.

Affirmed.

**ISSUED**: January 11, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II